UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KIPU SYSTEMS LLC,
a Florida limited liability company,

       Case No.1:17-cv-24733-KMW-EGT

   Plaintiff/Counter-Defendant,

v.

ZENCHARTS LLC, a Florida limited liability
company, SOLUTIONS RECOVERY CENTER, LLC,
a Florida limited liability company,

   Defendants/Counter-Plaintiffs, and

ZEN MEDICAL, LLC, an
administratively dissolved Florida limited liability
company, SOLUTIONS
RECOVERY, LLC, an administratively dissolved
Florida limited liability company,
WEBSITE CONSULTANTS INC., a Florida corporation,
CALLAHAN HOLDINGS, INC., an administratively
dissolved Florida corporation, RICHARD 'RICK' GLASER,
an individual, KEITH HOUILHAN a/k/a KEITH HOOTIE,
an individual, SEAN CALLAHAN, an individual,
DANIEL J. CALLAHAN, an individual,
SEAMUS CALLAHAN, an individual,
YANKO KARKALICHEV, an individual, and
ANTON ALADZHOV, an individual,

   Defendants.
_____/

**Plaintiff's Motion for a More Definite Statement of Solutions Recovery Center, LLC and ZenCharts, LLC's Counterclaims and to Dismiss Solutions Recovery Center, LLC's Count II and ZenCharts, LLC's Count II and Count IV for Failure to State a Claim**

Plaintiff/Counter-Defendant, KIPU SYSTEMS LLC ("Kipu" or "Plaintiff"), by and through undersigned counsel, and pursuant to Federal Rule 12(e) moves for a more definite statement of Defendants/Counter-Plaintiffs, ZENCHARTS, LLC's ("ZenCharts") and SOLUTIONS RECOVERY CENTER, LLC ("Solutions Recovery"), (together, ZenCharts and Solutions Recovery are referred to herein as "Defendants") counterclaims (D.E. 32 and 33), and under Federal Rule 12(b)(6) to dismiss Solutions Recovery's Count II sounding in Negligent Misrepresentation, as well as ZenCharts' Count II which purports to allege violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") as well as ZenCharts' Count IV for false advertising under the Lanham Act and, in support thereof, states as follows:

I. **PROCEDURAL CASE BACKGROUND**

Kipu initiated this multi-count action on December 31, 2017 through filing its Complaint against Defendants (and others) for numerous acts of unlawful conduct including violation of the Florida Computer Abuse and Data Recovery Act, Trademark Infringement, and Misappropriation of Trade Secrets. Instead of facing these allegations head on, Defendants' first move was to evade service and then seek a thirteen-week extension of time (filed on January 24, 2018) to delay answering the Complaint until March 30, 2018. *See,* D.E. 13. Less than 48-hours from filing this unreasonable relief, the Court denied (in part) the extension as "plainly excessive" and required Defendants to respond by February 16, 2018. *See*, D.E. 15. Both Defendants filed separate, but identical, answers and affirmative defenses[1] to the Complaint, by and through the same attorneys, and lodged counterclaims with different causes of action, despite having mirror sets of general

---

[1] Kipu is separately filing motions to strike all of the defendants various affirmative defenses as insufficient. *See*, D.E. 42.

allegations against Kipu. *See,* D.E. 32 & 33.[2] All of this simply clogs the Court's docket and wastes the court's valuable time.

## II. INTRODUCTION

It is overwhelmingly transparent that the principle function of Defendants' counterclaims is not to seek true redress of purported wrongdoings by Kipu, but rather to create a sideshow to distract the Court and mask the Defendants' inability to advance adequate defenses. Defendants' pleadings suffer from wholesale deficiencies that necessitate dismissal, include boilerplate allegations wholly devoid of the necessary facts to support the claims they assert. Instead Defendants' pleadings contain numerous irrelevant allegations that serve no purpose other than to misdirect the Court from what is really at issue.

The gravamen of this trade secret action focuses on the advanced development of proprietary electronic medical record software for addiction treatment centers (and the subsequent misappropriation of that software through Defendants' acts of computer fraud). Defendants' immaterial allegations only seek to embarrass and inflict personal harm in a public forum and to smear Kipu in a desperate attempt to somehow gain leverage.

Instead of lodging *ad hominem* attacks wholly unrelated to the underlying issues in this trade secret theft action – Defendants should have focused their efforts on drafting counterclaims meeting the "plain notice" requirement of Federal Rule 8(a). Defendants' pleadings entirely fail to do so. Each and everyone of Defendants' counterclaims are nothing more than impermissible "shotgun" pleadings that preclude Kipu from identifying the allegations Defendants rely upon in their wholly unsupported causes of action. *See, Davis v. Coca-Cola Bottling Co. Consol,* 516 F.3d

---

[2] Certain additional defendants (Yanko Karkalivhev and Anton Aladzhov) that are not Parties to this motion have not filed a response to the Complaint. In addition, a clerk's default has been entered against defendant Keith Houlihan (D.E. 22).

955, 979 n. 54 (11th Cir. 2008) (stating the central problem with such pleadings is that it thwarts the opposing party's ability to frame a responsive pleading and that as of 2008 the Eleventh Circuit had "explicitly condemned shotgun pleadings upwards of fifty times").

All six of Defendants' counterclaims (two by Solutions Recovery and four by ZenCharts), improperly "re-allege[] and incorporate[] by reference *all prior paragraphs* as if fully set forth herein." *See generally,* D.E. 32 and 33 (emphasis added). Defendants' continuous reincorporation by reference of "*all prior paragraphs"* is the quintessential textbook definition of a "shotgun" pleading. *See, Strategic Income Fund v. Spear, Leeds & Kellogg*, 305 F.3d 1293, 1295, n. 9 (11th Cir. 2002) (defining a "shotgun" style pleading as a pleading that "contains several counts, each one incorporating by reference the allegations of its predecessors . . ."); *Grapski v. Barcia*, No. 1:10-cv-00140-MP-GRJ, 2011 U.S. Dist. LEXIS 87752, at *17-18 (N.D. Fla. Aug. 9, 2011) ("To be a 'shotgun' pleading, [complainant] would need to reallege all allegations raised in the preceding counts . . ."). This practice runs afoul of Federal Rule 8(a)'s requirement for notice pleading because Kipu cannot discern what allegations Defendants' cascading counterclaims rely upon; thus, necessitating Kipu's motion for a more definite statement under Rule 12(e). *Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001) (finding that "shotgun" complaints violate the letter of the Federal Rules because they are "in no sense the short and plain statement of the claim required by Rule 8"); *Dantzler, Inc. v. Hubert Moore Lumber Co.*, 2013 U.S. Dist. LEXIS 136962, at *8 (M.D. Ga. Sep. 25, 2013) (when a defendant claims it cannot frame a responsive pleading the appropriate remedy is not a motion to dismiss, it is a motion for a more definite statement under Rule 12(e)). Moreover, because the Defendants' separate counterclaims state identical general allegations, many of those allegations are irrelevant to the asserted causes of action. This creates an even greater need for a more definite statement.

An examination of the individual counterclaims shows they are likewise insufficient and deficient for other reasons in addition to their disallowed "shotgun" style pleading. Solutions Recovery's cause of action for Negligent Misrepresentation is insufficient and subject to dismissal for failure to state a claim, because the agreements it references attached to the counterclaims instead clearly show how Kipu expressly and unambiguously disclaimed any and all warranties to Solutions Recovery for the Kipu EMR System. In effect Solutions Recovery is unable as a matter of law to justifiably rely on the statements it claims to rely upon.

ZenCharts' counterclaims also suffer from numerous deficiencies that render them ripe for dismissal. First, ZenCharts lacks standing to bring its FDUTPA claim because it is not a consumer and does not allege that there was a consumer transaction between Kipu and ZenCharts. Even if assuming, *arguendo*, that ZenCharts did have standing (which Kipu does not concede), it still fails to state a FDUTPA claim. Second, ZenCharts also fails to state a claim for False Advertising under the Lanham Act because it does not allege that consumers relied on Kipu's statements, that Kipu's statements affected interstate commerce, or that Kipu engaged in commercial speech. As such, dismissal of both these counts found in ZenCharts' counterclaim is warranted under Federal Rule 12(b)(6) for failure to state a claim.

### III. LEGAL STANDARD FOR A MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Dismissal is warranted under Rule 12(b)(6) if the plaintiff (or here counterclaimant) fails to state a claim in which relief can be granted. *Coach, Inc. v. Swap Shop, Inc.*, 916 F. Supp. 2d 1271, 1277 (S.D. Fla. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Gubanova v. Miami Beach Owner, LLC*, 2013 U.S. Dist. LEXIS 169593 (S.D. Fla., Dec. 2, 2013) at *4 (quoting *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). As such, the counterclaimant must plead "factual content that allows the court to draw the reasonable inference that defendant is liable for

the misconduct alleged." *Lee v. Bank of Am., N.A.*, 2013 U.S. Dist. LEXIS 68881 (M.D. Ga., May 15, 2013) (quoting *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

When determining whether a counterclaimant has satisfied the obligations of Rule 12(b)(6), "the court assumes that all of the factual allegations in the complaint are true and construes them in the light most favorable to the [counterclaimant]." *FDIC v. Law Office of Rafael Ubieta, P.A.*, 2012 U.S. Dist. LEXIS 154640, at *6-7 (S.D. Fla. Oct. 29, 2012). However, "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are insufficient to survive a motion to dismiss. *Gubanova*, 2013 U.S. Dist. LEXIS 169593 at *3 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also FDIC*, 2012 U.S. Dist. LEXIS 154640 at *7 (quoting *Bell v. J.B. Hunt Transp., Inc.*, 427 F. App'x. 705, 707 (11th Cir. 2011)) ("Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.").

IV. **SOLUTIONS RECOVERY FAILS TO STATE A CLAIM FOR NEGLIGENT MISREPRESENTATION (COUNT II) BECAUSE ITS OWN PLEADINGS SHOW IT IS NOT ENTITLED TO RELIEF**

Solutions Recovery alleges Kipu made a litany of representations of material fact to Solutions Recovery. D.E. 33, p. 45, ¶ 39. However, to state a claim for Negligent Misrepresentation in Florida, Solutions Recovery must proffer the following four specific elements:

> (1) there was a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation.

*Gilchrist Timber Co. v. ITT Rayonier*, 127 F.3d 1390, 1393 (11th Cir. 1997).

Solutions Recovery's own factual allegations show that Solutions Recovery could not have justifiably relied on any statements Kipu made. *See, Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1218, 1226 n.4 (S.D. Fla. 2010) (dismissing plaintiff's negligent misrepresentation claim where

the terms in the parties' written contract contradicted the alleged misrepresentations; thus precluding any ability to justifiably rely on defendant's statements). Solutions Recovery is precluded from advancing its Negligent Misrepresentation claim because the Terms of Service (TOS) – specifically the TOS Solutions Recovery attaches to its counterclaim and which Solutions Recovery states governs Kipu and Solutions Recovery's agreement – expressly disclaims warranties regarding performance of the Kipu EMR System. *See,* D.E. 33, p. 32, ¶ 9 ("A true and correct copy of the Terms of Service in effect at the time the Kipu Contract was signed and during the life of the Kipu Contract . . . and is attached [ ] as Exhibit D").[3]

A cursory review of Solutions Recovery's Exhibit D shows that Kipu did not "intend for the statements to be relied upon by Solutions [Recovery]," as Solutions Recovery claims. *Id.* at p. 46, ¶ 42. Kipu's TOS (which Solutions Recovery relies upon) expressly disclaims any warranties that the Kipu EMR System was fit for a specific purpose or would always function: "we [Kipu] do not warrant that (i) the service will meet your specific requirements, or (ii) the service will be uninterrupted, timely, secure, or error free." *See Federal Deposit Ins. Corp. v. High Tech Med. Sys.*, 574 So. 2d 1121, 1123 (Fla. 4th DCA 1992) (holding that there was no justifiable reliance in the face of an express disclaimer).

Solutions Recovery also references another binding legal document, the "Kipu Contract," that governed the relationship between the parties. *See,* D.E. 33, p. 31, ¶8 ("On October 8, 2013, Solutions [Recovery] and Kipu entered into a contract, a copy of which is attached to this Counterclaim as Exhibit C") A plain reading of Exhibit C, just like the TOS in Exhibit D, contradicts Solutions Recovery's claim that "[t]he Kipu EMR could be implemented quickly" (*Id.*

---

[3] Although Kipu and Solutions Recovery disagree on which TOS were in effect at the time, the TOS that Solutions Recovery relies upon in its counterclaim contains this disclaimer of liability.

p. 45, ¶ 49) because the Kipu Contract states, "[t]he Set-up of the Service takes 30 to 60 days to complete, *pending the complexity of your current workflow and the number of forms.*" D.E. 33-3, p. 2 (emphasis added).

Both the terms in the Kipu Contract and the Kipu TOS corroborate how Kipu did not warrant: 1) that the Kipu EMR System met Solutions Recovery's specific requirements, 2) that the Kipu EMR System would be error free, or 3) that Kipu guaranteed a specific time period for implementation. *Zarrella.,* 755 F. Supp. 2d 1218, 1225 (S.D. Fla. 2010) (citations omitted) (finding reliance on representations unreasonable as a matter of law where the alleged misrepresentations contradict the express terms of the parties' written agreement). Thus, Solutions Recovery cannot credibly state that Kipu made various "representations of material fact," that "Kipu intended for the[se] statements to be relied upon by Solutions [Recovery]," and that "Solutions [Recovery] justifiably relied on those representations." *See, Taylor Woodrow Homes Fla., Inc. v. 4/46-A Corp.*, 850 So. 2d 536, 542-43 (Fla. 5th DCA 2003) (Notwithstanding misrepresentations prior to the making of a contract, a party cannot establish justifiable reliance and "may not recover in fraud for an alleged false statement when proper disclosure of the truth is subsequently revealed in a written agreement between the parties").

Instead, Solutions Recovery's own pleadings and exhibits show Kipu did not intentionally or negligently make false statements of material fact, that Kipu did not make any express warranties to Solutions Recovery regarding the Kipu EMR System, that Kipu did not intend for Solutions Recovery to rely on any representations, and that Solutions Recovery could not justifiably rely on representations. *See, Aedes Mosquito Control, Inc. v. Springer Equip., Inc.,* 959 So. 2d 1208, 1209 (Fla. 1st DCA 2007) (citing with approval *Giallo v. New Piper Aircraft, Inc.,* 855 So. 2d 1273, 1275 (Fla. 4th DCA 2003)) (holding that a party could not recover from aircraft

dealer for allegedly fraudulent statements that the new avionics system would "enhance the safety of the aircraft" where the subsequent written agreement disclaimed any oral representations or warranties as to the dealer). It follows that Solutions Recovery's claim for Negligent Misrepresentation is fatally doomed and should be dismissed, *with prejudice*, because Solutions Recovery cannot plead facts sufficient to state a claim as such statements contradict the very contracts affixed to the counterclaim.[4] *See Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) ("when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.") (citations omitted); *see also Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("[a] district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls.").

## V. ZENCHARTS LACKS STANDING TO ASSERT A FDUTPA CLAIM (COUNT II)

FDUTPA is a consumer protection statute authorizing "a private cause of action for any person injured as a result of a violation of the statute." *Taft v. Dade Cty. Bar Ass'n,* 2015 U.S. Dist. Lexis 134798, at *7 (S.D. Fla. Oct. 2, 2015). "The overwhelming weight of authority dictates that 'person . . . means only consumers . . . and the FDUTPA applies only to a consumer injured . . . when buying or purchasing goods and services." *Taft,* 2015 U.S. Dist. Lexis 134798, at *9; s*ee also Gibson v. Resort at Paradise Lakes, LLC,* 2017 U.S. Dist. Lexis 125980, at *14 (M.D. Fla. Aug. 9, 2017) (discussing Eleventh Circuit cases in which district courts have "overwhelmingly"

---

[4] Apart from clarity of Solutions Recovery's asserted contracts and agreements with Kipu that preclude justifiable reliance, Solutions Recovery also fails to adequately plead injury for Negligent Misrepresentation. Solutions Recovery merely makes conclusory allegations of damage and does not provide any detail. D.E. 33, p. 31, ¶7 ("Solutions [Recovery's] reasonable reliance on those representations caused damage"); *id.* p. 46, ¶ 43 ("Solutions [Recovery] acted in reliance on those representations and suffered consequent injury, in an amount to be proven at trial").

held the term "person in the statute to mean only consumer injured by an unfair or deceptive act when buying or purchasing goods and services.). The FDUTPA is not "a law designed to protect any person harmed as a result of an unfair or deceptive act affecting commerce" because "in a world as globalized and interconnected as today, almost any act could be seen as affecting commerce, however attenuated." *Taft,* 2015 U.S. Dist. Lexis 134798, at *11. Thus, "to have standing under the FDUTPA, a complaint must allege that the claimant is a 'consumer' injured by an unfair or deceptive practice in the course of buying or selling goods or services. *Id.* at *11-12.

A claim under FDUTPA for damages requires a plaintiff to demonstrate that it was aggrieved by an act or practice that constitutes a "violation of this part" and that as a result it "suffered a loss." Fla. Stat. § 501.211(2). As a threshold matter, "a private right of action for damages under the [FDUTPA] . . . cannot be maintained unless the alleged unfair or deceptive acts or practices complained of involves a consumer transaction." *Hermosilla v. Octoscope Music, LLC,* 2010 U.S. Dist. LEXIS 129469, at *11 (S.D. Fla. Dec. 3, 2010) (quoting *Monsanto Co. v. Campuzano,* 206 F. Supp.2d 1239, 1251 (S.D. Fla. 2002)). The absence of any allegations of deceptive or unfair acts involving a consumer transaction mandates dismissal of a claim under FDUTPA. *Hermosilla,* 2010 U.S. Dist. LEXIS 129469, at *12-13 (holding plaintiff "simply does not have a private cause of action under the Act" when the alleged conduct did not involve a consumer transaction).

ZenCharts does not allege in its counterclaim that it is a consumer; it is clear ZenCharts' allegations demonstrate that it is a direct competitor to Kipu. *See,* D.E. 32, p. 37, ¶ 18 ("Callahan, Glaser and S. Callahan slowly began to put the structures in place to offer a competing product, which would ultimately become known as ZenCharts"); *see also, id.* at ¶ 32 ("[Kipu's] main competitor, ZenCharts"). ZenCharts also fails to allege that it was injured by an unfair or deceptive

practice *in the course of buying or selling goods or services*. ZenCharts only makes allegations that "Kipu had many representations of material fact to Solutions" (*id.* at p. 30, ¶ 5), or that Kipu's actions "have been injurious to the public." *Id.* at ¶ 42.[5] Thus, ZenCharts lacks standing to bring a claim under FDUTPA. *Taft*, 2015 U.S. Dist. Lexis 134798, at *12 (dismissing FDUTPA claim with prejudice because such a claim fails as a matter of law when no conceivable scenario would render plaintiff a consumer with standing under FDUTPA); *see also Kertesz v. Net Transactions, Ltd.*, 635 F. Supp. 2d 1339, 1350 (S.D. Fla. 2009) ("Thus, Plaintiff, as a non-consumer, is not entitled to monetary damages under FDUTPA").

A deceptive practice is one that is "likely to mislead" consumers. *Davis v. Powertel, Inc.*, 776 So.2d 971, 974 (Fla. 1st DCA 2000). Again, ZenCharts fails to allege that it is a consumer or that it has been misled by Kipu. An unfair practice is "one that 'offends established public policy' and one that is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" S*amuels v. King Motor Co. of Fort Lauderdale*, 782 So. 2d 489, 499 (Fla. 4th DCA 2001) (*quoting Spiegel Inc. v. Federal Trade Comm'n*, 540 F.2d 2d 287, 293 (7th Cir. 1976)). A deceptive act occurs "if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment. This standard requires a showing of probable, not possible, deception that is likely to cause injury to a reasonable relying consumer." *Zlotnick v. Premier Sales Grp., Inc.* 480 F.3d 1281, 1284 (11th Cir. 2007) (citations omitted). *See also Blair v. Wachovia Mortg. Corp.*, 2012 U.S. Dist. LEXIS 33941, at * 1 (M.D. Fla. Mar. 14, 2012) (citing *Sundance Apartments I, Inc. v. General Elec. Capital Corp.*,

---

[5] Notwithstanding the common ownership of Solutions Recovery and ZenCharts, and although Kipu has alleged that ZenCharts used Solutions Recovery to carry out its conspiracy to steal Kipu's intellectual property, the alleged representations Kipu made to Solutions Recovery are irrelevant to ZenCharts' causes of action.

581 F. Supp. 2d 1215, 1220 (S.D. Fla. 2008)). ZenCharts has not alleged it is a "relying consumer," and allegations of unfair practices must go beyond "naked assertions." *ELI Research, LLC v. Must Have Info Inc.*, 2014 U.S. Dist. LEXIS 127340, at * 23 (M.D. Fla. Sept. 11, 2014). Accordingly, ZenCharts' counterclaim fails to establish its standing to bring a FUDPTA claim against Kipu.

## VI. ZENCHARTS' COUNT II (FDUTPA) AND COUNT IV (FALSE ADVERTISING) FAIL TO STATE A CLAIM

ZenCharts' FDUTPA claim does not meet the heightened pleading standards for claims of fraud. ZenCharts also fails to state a claim for False Advertising because it does not allege that Kipu's statements had a material effect on the purchasing decisions of consumers, that Kipu's statements affected interstate commerce, or that Kipu's statements qualify as commercial speech.

### a. ZenCharts' Count II (FDUTPA) Fails to State a Claim

To plead a valid claim under Fla. Stat. § 501.204(1), a party must establish three elements (a) a deceptive act or unfair practice, (b) causation, and (c) actual damages. *Gavron v. Weather Shield Manufacturing, Inc.,* 819 F. Supp. 2d 1297, 1301 (S.D. Fla. 2011).

#### i. Failure to Meet Heightened Pleading Standards for Fraudulent Conduct

FDUTPA claims need to be pled with particularity when they sound in fraud. *See, Motmanco, Inc. v. McDonald's Corp.,* 2005 U.S. Dist. LEXIS 33965, at *27-28 (M.D. Fla. Mar. 28, 2005) (stating that because not all FDUTPA claims sound in fraud, only those that implicate fraudulent conduct are subject to heightened pleading standards; other claims under FDUTPA are subject to general notice pleading requirements). ZenCharts' counterclaim consistently imputes Kipu acted fraudulently "through lies" and "outright false claims." *See, e.g.,* D.E. 32, ¶¶ 22 and 24. Such "peppering of fraud allegations" throughout a pleading – without more particularized detail is not sufficient to meet the "deceptive act or unfair practice" prong of Florida Statute § 501.204. *See, Casey v. Fla. Coastal Sch. of Law, Inc.*, 2015 U.S. Dist. LEXIS 176281, at * 30

(M.D. Fla. Aug. 11, 2015) ("Whether Rule 9(b) heightened pleading standard applies depends not on the mere fact that the plaintiffs raise FDUTPA claims but on whether the plaintiff's allegations sound in fraud").

In order for the "deceptive act or unfair practice" prong is be satisfied, the fraud allegations must comply with the heightened pleading standards set forth in Federal Rule 9(b) and provide "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006); *see also Librizzi v. Ocwen Loan Servicing, LLC*, 120 F. Supp. 3d 1368, 1381 (S.D. Fla. Aug. 13, 2015). ZenCharts cannot satisfy the third requirement for pleading fraudulent conduct because ZenCharts has not alleged that any of Kipu's statements have misled ZenCharts. ZenCharts also cannot satisfy the fourth prong because it does not allege that Kipu has obtained any direct benefits.

Because ZenCharts fails to satisfy the third and fourth prongs required when pleading fraud, it fails to state a claim for relief under FDUTPA and its Count II should be dismissed.

### b. ZenCharts' Count IV (False Advertising) Fails to State a Claim

The Lanham Act prohibits false or misleading descriptions or representations of fact in commercial advertising or promotion that misrepresent the nature, characteristics, qualities, or geographic origin of another's goods. *See* 15 U.S.C. § 1125(a)(1)(B). To bring a false advertising claim, ZenCharts must establish:

(1) the advertisements of the opposing party were false or misleading;
(2) the advertisements deceived, or had the capacity to deceive, consumers;
(3) the deception had a material effect on purchasing decisions;
(4) the misrepresented product or service affects interstate commerce; and

(5) the movant has been - or is likely to be - injured as a result of the false advertising. *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC,* 745 F. Supp. 2d 1359, 1376 (S.D. Fla. 2010). Not only does ZenCharts fail to allege prongs three and four, but ZenCharts also fails to allege facts sufficient to support that Kipu's speech was commercial speech.

> *i. ZenCharts has not Alleged Kipu's Purportedly False Statements had a Material Effect on a Consumer's Purchasing Decision*

Cursory review of the six allegations in ZenCharts' Count IV show there is no allegation consumers were affected by any statements Kipu made. Likewise, ZenCharts' general allegations regarding the specific instances Kipu supposedly engaged in false advertising do not include any mention of consumers relying on Kipu's statements.

> *ii. ZenCharts has not Alleged Kipu's or ZenCharts Products Affect Interstate Commerce*

ZenCharts' counterclaim is devoid of any allegation that the Kipu EMR System or the ZenCharts System affects interstate commerce. Likewise, ZenCharts' general allegations regarding the specific instances Kipu supposedly engaged in false advertising do not include any reference of the Kipu EMR System or the ZenCharts System affecting interstate commerce.

> *iii. ZenCharts has not Alleged Facts that Support that Kipu's Purportedly False Statements Qualify as Commercial Speech*

The Lanham Act prohibits only those false or misleading statements that occur in the context of "commercial advertising or promotion." *See,* 15 U.S.C. § 1125(a)(1)(B). ZenCharts makes the conclusory allegation that Kipu's speech is "commercial speech," but does not supply any facts that support this statement. D.E. 32, p. 48, ¶ 54.

Under the test established by the court in *Gordon and Breach Science Publishers S.A. v. American Institute of Physics*, a false statement constitutes commercial advertising when the statement is "(1) commercial speech; (2) by a defendant who is in commercial competition with

plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services. While the representations need not be made in a "classical advertising campaign," but may consist instead of more informal types of "promotion," the representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry." 859 F. Supp. 1521, 1535-36 (S.D.N.Y. 1994). In order to qualify as advertising or promotion, statements must be widely disseminated and "part of an organized campaign to penetrate the relevant market." *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.,* 314 F.3d 48, 57 (2d Cir. 2002). Thus, the statements must be directed at a class or category of consumers, not simply particular individuals. *Podiatrist Ass'n v. La Cruz Azul de P.R., Inc.,* 332 F.3d 6, 19 (1st Cir. 2003).

ZenCharts has only alleged Kipu sent an email to John Griffiths of Blanchard Addiction Resources, LLC (D.E. 32, p. 39, ¶ 24), Patrick Dunn of Journey Pure (*id.* at ¶¶ 25 and 30), and an unnamed customer (*id.* ¶31). Consequently, ZenCharts has only alleged three individual interactions. ZenCharts' counterclaim does not allege Kipu has made any publicly facing statements about ZenCharts or that Kipu has specifically mentioned ZenCharts in any advertising or promotions;[6] instead, ZenCharts seeks to limit Kipu from lawfully communicating with existing or potential customers on an individual basis, which is not prohibited under the Lanham Act. *See, Astrotel, Inc. v. Verizon Fla., LLC*, 2012 U.S. Dist. LEXIS 63172, 20-21 (M.D. Fla. May 4, 2012) (dismissing plaintiff's claim for false advertising where defendant made communications to its rival's customers about its superior services and represented that the rival did not pay its bills because the communications were not sufficiently disseminated and did not constitute an advertisement or promotion under the Lanham Act).

---

[6] Ironically, it was ZenCharts' owners, Sean Callahan and Daniel Callahan that made disparaging comments about Kipu to Law360® when discussing this litigation.

Kipu's limited and separate communications with a mere *three unrelated individuals* does not constitute commercial speech and ZenCharts' false advertising claim should be dismissed for failure to state a claim. *See, Garland Co. v. Ecology Roof Sys. Corp.*, 895 F. Supp. 274, 279 (D. Kan. 1995) (dismissing plaintiff's false advertising claim because the alleged misrepresentation was directed only at one customer, precluding the public dissemination element of commercial speech).

### VII. DEFENDANTS' SHOTGUN PLEADING REQUIRES A MORE DEFINITE STATEMENT

A complaint that "incorporates all of the general factual allegations by reference into each subsequent claim for relief" is a "shotgun" pleading. *Ferrell v. Durbin,* 311 Fed. App'x 253, 259 (11th Cir. 2009). This style of pleading renders it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC,* No. 09-61490-Civ-COOKE/TUR, 2011 U.S. Dist. LEXIS 59465, at *34 n.6 (S.D. Fla. June 2, 2011) (quoting *Anderson v. Dist. Bd. Of Trs. Of Cent. Fla. Cmty. Coll.,* 77 F.3d 364, 365-66 (11th Cir. 1996)). Shotgun pleading violates Rule 8(a) and 10(b) of the Federal Rules, and standing alone, is a basis for dismissal. *Exportadora Atlantico, S.A. v. Fresh Quest, Inc.,* 2017 U.S. Dist. Lexis 24832, at *7-10 (S.D. Fla. Feb. 21, 2017).

Defendants' continuous reincorporation of all allegations from all counts in each of their respective counterclaims renders them both impermissible "shotgun" pleadings. *See, Kaminesky v. Locardi Media Inc.,* No. 1:16-cv-22864-RNS, D.E. 36, (S.D. Fla. Feb. 9, 2017)[7] ("[C]ount five, brought under Florida's Deceptive and Unfair Trade Practices Act, incorporates all of the preceding allegations and counts that came before it. Count five is thus reduced to an amalgamation

---

[7] Attached as **Exhibit A** is a true and correct copy of this slip opinion.

of the entire complaint. This amounts to a quintessential shotgun pleading and renders the deciphering the allegations particular to that count nearly impossible").

Accordingly, both of Defendants' counterclaims should be dismissed via Federal Rule 12(e) and ordered to provide a more definite statement so that Kipu can form a responsive pleading.

**VIII.    CONCLUSION**

Defendants' counterclaims are deficient in that they are both quintessential "shotgun" pleadings, Defendants' counterclaims both contain at least one count that is subject to dismissal for failure to state a claim, and ZenCharts lacks standing to bring its FDUTPA claim – all of which require dismissal of Defendants' counterclaims.

WHEREFORE, Plaintiff/Counter-Defendant, KIPU SYSTEMS, LLC, respectfully requests that this Court enter an Order (i) granting this Motion; (ii) dismissing Count II of Solutions Recovery's counterclaim, *with prejudice*; (iii) dismissing Counts II and IV of ZenCharts' counterclaim, *with prejudice;* (iv) requiring Solutions Recovery and ZenCharts to file an amended counterclaim with a more definite statement; (v) granting Kipu's fees incurred to bring this motion and (vi) providing such other and further relief as this Court deems just and proper under the circumstances.

DATED this 16th day of March, 2018.

| | |
|---|---|
| **ALLEN, DYER, DOPPELT + GILCHRIST, P.A.** | **AGENTIS PLLC** |
| *Counsel for Kipu Systems, LLC* | *Counsel for Kipu Systems, LLC* |
| 1221 Brickell Ave., Suite 2400 | 501 Brickell Key Drive, Suite 300 |
| Miami, Florida 33131 | Miami, Florida 33131 |
| Telephone:    (305) 374-8303 | Telephone: (305) 722-2002 |
| Facsimile:     (305) 374-8306 | Facsimile: (305) 489-2698 |
| | |
| */s/ Robert H. Thornburg* | */s/ Christopher B. Spuches* |
| Robert Thornburg | Christopher B. Spuches |
| Florida Bar No. 630829 | Florida Bar No. 42456 |
| e-mail: rthornburg@allendyer.com | e-mail: cbs@agentislaw.com |
| Joshua B. Spector | Jake M. Greenberg |
| Florida Bar No. 584142 | Florida Bar No. 91118 |
| e-mail: jspector@allendyer.com | e-mail: jmg@agentislaw.com |
| Cameron C. Murphy | |

Florida Bar No. 125086
e-mail: cmurphy@allendyer.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on March 16, 2018, I presented the foregoing to the Clerk of the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a Notice of Electronic Filing to:

Geremy W. Gregory
(FL Bar No. 102645) ggregory@balch.com
841 Prudential Drive, Suite 1400
Jacksonville, FL 32207
Telephone: (904) 348-6875
Facsimile: (904) 396-9001

Walter H. Boone (MSB #8651)
(Admitted *pro hac vice*)
wboone@balch.com
188 East Capitol Street, Suite 1400
P. O. Box 22587
Jackson, MS 39225-2587
Telephone: (601) 965-8179
Facsimile: (888) 956-9542

Adam K. Israel (ASB # 3883A54I)
(Admitted *pro hac vice*)
aisrael@balch.com
1901 Sixth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 251-8100
Facsimile: (205) 226-8799

JOHN S. SARRETT
(FL Bar No. 812811)
jsarrett@sarrettlaw.com
999 Vanderbilt Beach Road, Suite 200
Naples, FL 34108
Telephone: (239) 325-3350
Facsimile: (239) 790-5063

*Counsel for Defendants*

                                                                     */s/ Robert H. Thornburg*
                                                                     Robert Thornburg