# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-24733-Civ-WILLIAMS/TORRES

KIPU SYSTEMS, LLC,
a Florida limited liability company,

    Plaintiff,

v.

ZENCHARTS, LLC, a Florida limited
liability company, *et al.*,

    Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION TO AMEND

This matter is before the Court on Kipu Systems LLC's ("Plaintiff") motion to amend its complaint to withdraw its federal claims without prejudice. [D.E. 156]. Zen Charts, LLC, Solutions Recovery Center, LLC, Website Consultants Inc., Richard 'Rick' Glaser, Sean Callahan, Daniel Callahan, and Yanko Karkalichev (collectively, "Defendants") responded to Plaintiff's motion on May 17, 2019 [D.E. 167] to which Plaintiff replied on May 24, 2019. [D.E. 178]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authorities, and for the reasons discussed below, Plaintiff's motion for leave to amend is **DENIED**.

1

# I. APPLICABLE PRINCIPLES AND LAW

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings. A party may amend any pleading once as a matter of right before a responsive pleading has been filed or within twenty-one (21) days after serving the pleading if no responsive pleading is allowed. *See* Fed. R. Civ. P. 15(a)(1). In all other situations, the amending party must obtain written consent from the opposing party or leave of the court to amend the pleading. *See* Fed. R. Civ. P. 15(a)(2). The rule declares that leave to amend "shall be freely given when justice so requires." *Id*. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. *See Foman v. Davis,* 371 U.S. 178, 182 (1962).

Any amendments leading to a modification of the required pretrial scheduling order are subject to a "good cause" standard of scrutiny. Fed. R. Civ. P. 16(b)(4). That means that after the deadline for amending pleadings set forth in a scheduling order has passed the party seeking the amendment must show good cause why leave to amend the complaint should be granted. *See e.g., Ray v. Equifax Info. Servs., LLC*, 2009 WL 977313, *1 (11th Cir. 2009) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). A district court need not allow an amendment where allowing the amendment would cause undue prejudice to the opposing party. *See Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001).

Of course, the grant or denial of an opportunity to amend is within the discretion of the district court, but outright refusal to grant the leave without any

2

justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. *Id.* In the absence of any apparent or declared reason the leave sought should, as the rules require, be "freely given." *Id.* Substantial reasons justifying a court's denial of a request for leave to amend include undue delay, bad faith or dilatory motive on the part of the movant, and repeated failure to cure deficiencies by amendments previously allowed. *See e.g., Well v. Xpedx*, 2007 WL 1362717, *1 (M.D. Fla. 2007) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999)).

Even when the amendment is sought as a result of new information obtained during discovery, it is not an abuse of discretion to deny leave to amend if the moving party unduly delays pursuit of the amended pleading. *See, e.g., United States v. $172,760 in U.S. Currency*, 2007 WL 1068138 (M.D. Ga. 2007). Additionally, a district court may properly deny leave to amend when an amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-3 (11th Cir. 2004); *see also Eveillard v. Nationstar Mortg. LLC*, 2015 WL 1191170, at *6 (S.D. Fla. Mar. 16, 2015) ("The law in this Circuit is clear that 'a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.'") (quoting *Hall*, 367 F.3d at 1263). "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co.*, 198 F.3d

3

815, 822 (11th Cir. 1999). This determination is akin to a finding that the proposed amendment would not survive a motion to dismiss. *See Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss.").

## *II.  ANALYSIS*

Plaintiff's complaint presents fourteen causes of action against Defendants. Plaintiff argues that, based on information revealed during discovery, Plaintiff does not wish to proceed on nine of its claims set forth in counts 4-10, or 12-13. Plaintiff concedes that the deadline to amend pleadings passed long ago on September 24, 2018 but contends that it did not possess the necessary information to make an informed decision to withdraw some of its claims until well after the deadline had passed. [D.E. 109]. Plaintiff also posits that Defendants will not be prejudiced and that the latter will benefit with the withdrawal of these claims because Defendants will only have to prepare for trial on five, as opposed to fourteen, counts. Accordingly, Plaintiff concludes that the Court should grant it leave to amend for the limited purpose of withdrawing its federal claims.

Plaintiff has the burden of establishing good cause because it is the party seeking relief from the deadline in the Court's Scheduling Order that set forth a deadline of September 24, 2018 to amend pleadings. *See, e.g., Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3rd Cir. 2010) ("Rule 16(b)(4) focuses on the moving party's burden to show due

diligence."); *Northstar Marine, Inc. v. Huffman*, 2014 WL 3720537, *3 (S.D. Ala. July 28, 2014) ("The burden of establishing good cause / diligence rests squarely on the party seeking relief from the scheduling order."). Ordinarily, a party seeking leave to amend must only meet the liberal amendment standard provided under Rule 15(a)(2), which sets forth the general rule that leave to amend a pleading should be freely given when justice so requires.

That standard does not apply, however, when a party seeks leave to amend *after* a deadline in a Scheduling Order has passed. Instead, Plaintiff must meet the more stringent "good cause" standard under Rule 16(b)(4).[1] *See, e.g., Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) ("A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b)."); *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)."). Pursuant to that rule, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(5). The "good cause" standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133

---

[1] "To establish good cause, the party seeking the extension must have been diligent." *Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008); *see also King v. Chubb & Son*, 563 F. App'x 729, 732 (11th Cir. Apr. 22, 2014) ("There can be no good cause where the record shows that the late-filing party lacked diligence in pursuing its claim.") (citation and internal quotation marks omitted).

5

F.3d at 1418 (citation and internal quotation marks omitted).[2] Importantly, once the specified time period for filing motions to amend has passed, the district court has wide discretion to deny a motion for leave to amend. *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002) ("[I]t is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery, past the deadline for amendments and past the deadline for filing dispositive motions."); *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 761 (11th Cir. 1995) ("[T]he district court [has] extensive discretion to decide whether to grant leave to amend after the time for amendment as a matter of course has passed.").

Here, Plaintiff has not set forth good cause to meet the diligence requirement under Rule 16(b)(4) because it only offers a vague and conclusory representation that it did not possess the necessary information to withdraw its claims until after the deadline to amend pleadings. Plaintiff instead focuses primarily on the lack of prejudice to Defendants. This position is untenable because it would allow any party to amend on the sole basis that the other side may not be prejudiced. This is not to say that prejudice is irrelevant in determining whether an amendment should be allowed. It simply means that if a party does not show diligence, "the

---

[2] The rationale for requiring a heightened showing to amend pleadings after a scheduling order deadline has passed is because "a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Rogers v. Hartford Life and Acc. Ins. Co.*, 2012 WL 2395194, *1 n.3 (S.D. Ala. June 22, 2012) (citation omitted); *see also Baker v. U.S. Marshal Service*, 2014 WL 2534927, *2 (D.N.J. June 5, 2014) ("Extensions of time without good cause would deprive courts of the ability to effectively manage cases on their overcrowded dockets and would severely impair the utility of Scheduling Orders.").

inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing *Gestetner Corp. v. Case Equip. Co.,* 108 F.R.D. 138, 141 (D. Me. 1985)).

In this case, we are left with no explanation on how Plaintiff acted diligently in seeking leave to amend. Plaintiff filed this action in December 2017 [D.E. 1] and Defendants answered the complaint in February 2018. [D.E. 23-27, 32-33, 35-36]. Shortly thereafter, the parties exchanged written discovery and produced documents. Plaintiff then deposed Keith Houlihan in August 2018 and waited four months to schedule another deposition. In December 2018, Plaintiff deposed Yanko Karkalichev and no other deposition took place for another four months. The next deposition occurred on April 10, 2019 – eleven days before the discovery deadline passed on April 21, 2019. Plaintiff then took two depositions before the discovery deadline and six more outside of the discovery period.

Yet now, at the close of the discovery period and with the filing of motions for summary judgment, Plaintiff seeks leave to withdraw approximately two-thirds of its claims with a conclusory explanation as to how Plaintiff acted diligently in seeking leave to amend. Plaintiff does not even explain, for example, what evidence it discovered that made it realize that its federal claims lacked merit or when that took place. Plaintiff also does not rely on any affidavits or sworn testimony to support its representation that it could not have determined that its claims lacked merit eight months after the deadline to amend pleadings. Instead, Plaintiff merely states that "it did not possess all of the information on which its decision to

7

withdraw the [s]ubject [c]laims were based until well after the deadline to amend the pleadings." [D.E. 156 at 3].

Making matters worse, Plaintiff argues that its state law claims remain viable but – for some unexplained reason – the federal claims lack merit. Plaintiff's contention, devoid of any supporting reasons, is dubious because its is unclear as to how the state law claims are viable, and the federal ones are not. Accordingly, Plaintiff's vague and conclusory representation does not meet its burden under Rule 16. *See Orr v. Orbis Corp.*, 2009 WL 10669722, at *5 (N.D. Ga. Jan. 22, 2009) (denying plaintiff's motion for leave to amend because "[p]laintiff belatedly offered only a general, vague and conclusory explanation for his delay. He offered no affidavit or sworn testimony concerning his diligence in pursuing the proposed amendment"); *see also De Varona v. Discount Auto Parts, LLC,* 285 F.R.D. 671, 672–73 (S.D. Fla. 2012) ("[D]iligence is the key to satisfying the good cause requirement").

Putting aside Plaintiff's failure to show diligence, Plaintiff's motion fails for an entirely separate reason because Defendants will be materially prejudiced if we allow Plaintiff to amend its complaint and dismiss its federal claims. The complaint currently contains four federal causes of action, including (1) misappropriation of trade secrets under the Defend Trade Secrets Act, (2) trademark counterfeiting, (3) trademark infringement, and (4) a federal claim for unfair competition. This means that the Court has federal question jurisdiction over this case pursuant to 28 U.S.C.

§ 1331.[3] The remaining claims in Plaintiff's complaint are either Florida common law or statutory claims, and the Court has supplemental jurisdiction over these counts pursuant to 28 U.S.C. § 1367(a).

If we allowed Plaintiff to amend its complaint to withdraw its federal claims, the Court would no longer have federal jurisdiction over this case because the parties are not diverse and "[a]n amended pleading supersedes the former pleading," meaning "the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Dresdner Bank AG v. M/V Olympia Voyager,* 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted); *Fritz v. Standard Sec. Life Ins.* Co., 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint."). This means that "once the amended complaint [is] accepted by the district court," and there are no longer any federal claims, the district court cannot "exercise supplemental jurisdiction over the remaining state law claims." *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007). This is a materially different situation than when a plaintiff's claims are *dismissed* on the merits because a district court in that circumstance has the "discretion to continue to exercise supplemental jurisdiction over [Plaintiff's] state law claims." *Pintando*, 501 F.3d at, 1243 (finding that a "district court . . . has the discretion to continue to exercise jurisdiction over state law claims in a case even after

---

[3] The parties are not diverse as they are both Florida companies, meaning the only basis for subject matter jurisdiction in this case is the presence of a federal question.

9

dismissing the federal claim that created the original jurisdiction.") (citing *Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1568 (11th Cir. 1994)).

This provides a compelling reason to deny Plaintiff's motion to amend because – after seventeen months of litigation and hundreds of thousands of dollars in expenses – we would no longer have jurisdiction over this case and the remaining state law claims would need to be re-litigated in state court. Plaintiff noticeably sidesteps this issue in its motion and reply, giving weight to Defendants' suggestion that the actual purpose of Plaintiff's motion is not to conserve litigation costs and narrow the issues for trial, but to dismiss this case without prejudice so that Plaintiff can re-file it at a later date. This would be a disservice to Defendants and to the Court as a great deal of resources have been expended in this case only for Plaintiff to amend its complaint prior to trial and destroy subject matter jurisdiction with the omission of any federal cause of action.

Moreover, Plaintiff's motion fails to account for the futility of the proposed complaint because it knowingly seeks to file a defective pleading with non-diverse parties and the absence of a federal question. This tactic is not allowed, however, because the proposed pleading would be futile and subject to dismissal. *See, e.g.*, *Mason v. McPhillips, Shinbaum & Gill*, 454 F. App'x 758, 760 (11th Cir. 2011) (affirming the denial of a motion to amend because the complaint did "not raise a federal question," and "would have been futile"); *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.") (quotation marks

omitted). Therefore, Plaintiff's motion to amend is **DENIED** for this additional reason.

This does not mean, however, that Plaintiff is compelled to litigate four federal causes of action that it believes have no merit. Given the procedural posture of this case, the Court may enter judgment on Plaintiff's federal claims at the summary judgment stage and allow the parties to litigate Plaintiff's state law claims at trial. This approach would dispose of Plaintiff's federal claims, allow the parties to litigate the remaining state claims, alleviate any possible prejudice to Defendants, and maintain the Court's subject matter jurisdiction because the federal causes of action would be dismissed on the merits as opposed to their omission in a superseding complaint.

Plaintiff's final suggestion is that the relief sought might be obtainable under Fed. R. Civ. P. 41. Rule 41 governs the ability of plaintiffs to dismiss cases without prejudice. In circumstances where a defendant has not yet filed an answer or a motion for summary judgment (whichever occurs first), Rule 41 permits plaintiffs to dismiss cases *without* prejudice and *without* leave of court. However, "[o]nce an answer or a summary judgment motion has been filed, Rule 41(a)(2) permits a plaintiff to dismiss voluntarily an action only 'upon order of the court and upon such terms and conditions as the court deems proper.'" *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (quoting Fed. R. Civ. P. 41(a)(2)).

Yet, Rule 41 is not a viable option in this case because Plaintiff seeks to dismiss only its federal claims as opposed to the dismissal of the entire action. *See*

11

*Treasurer v. Barry*, 168 F.3d 8, 19 n. 9 (11th Cir. 1999) ("[T]he Rule speaks of voluntary dismissal of 'an action,' not a claim."). The Eleventh Circuit clarified in *Klay v. United Healthgroup, Inc.*, that the text of Rule 41 "allows a plaintiff to dismiss all of his claims against a particular defendant," but it "does not permit plaintiffs to pick and choose, dismissing only particular claims within an action." 376 F.3d 1092, 1106 (11th Cir. 2004). Instead, "'[a] plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).'" *Id.* (quoting 8 Moore's Federal Practice § 41.21[2], at 41–32); *see also State Treasurer of State of Michigan v. Barry*, 168 F.3d 8, 19 n.9 (11th Cir. 1999) ("Most likely, the proper way to drop a claim without prejudice is to amend the complaint under Rule 15(a).") (citations omitted); *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 302 n. 2 (5th Cir.1978) ("Rule 41(a) speaks of dismissal of an action, and the plaintiff's elimination of a fragment of an action . . . is more appropriately considered to be an amendment to the complaint under Rule 15."). Therefore, while Plaintiff may want relief under Rule 41, that Rule does not allow Plaintiff to pick and choose which claims it seeks to voluntarily dismiss. The only viable route is a timely Rule 15 motion, which this is not.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion to amend is **DENIED**. [D.E. 156].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of May, 2019.

                                                    /s/ *Edwin G. Torres*
                                                  EDWIN G. TORRES
                                                  United States Magistrate Judge