## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-24733-Civ-WILLIAMS/TORRES

KIPU SYSTEMS LLC,
a Florida limited liability company,

    Plaintiff/Counter-Defendant,

v.

ZENCHARTS LLC, a Florida limited
liability company, SOLUTIONS RECOVERY
CENTER, LLC, a Florida limited liability
company,

    Defendants/Counter-Plaintiffs, and

ZEN MEDICAL, LLC, an administratively
dissolved Florida limited liability company,
WEBSITE CONSULTANTS INC., a Florida
corporation, RICHARD 'RICK' GLASER,
an individual, KEITH HOULIHAN a/k/a
KEITH HOOTIE, an individual,
SEAN CALLAHAN, an individual,
DANIEL J. CALLAHAN, an individual, and
YANKO KARKALICHEV, an individual,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR
## FINAL DEFAULT JUDGMENT AGAINST ZEN MEDICAL

This matter comes before the Court on a Motion for Final Default Judgment filed by Plaintiff Kipu Systems LLC ("Plaintiff") on February 4, 2020. [D.E. 298].[1]

---

[1] The Honorable Judge Kathleen M. Williams referred the matter to the undersigned on that same date. [D.E. 300].

The motion is premised on the undisputed fact that a Clerk's Default [D.E. 50] was entered against Defendant Zen Medical LLC, an administratively dissolved Florida limited liability company ("Zen Med") on March 28, 2018. Zen Med failed to appear in the action by filing an answer or otherwise filing any pleading to the original complaint. Now that Plaintiff has filed a motion for entry of judgment on the jury's verdict as to the remaining defendants, Plaintiff seeks formal entry of final default judgment against Zen Med based on the well-pleaded allegations of the First Complaint.

Zen Med did not file any direct response in opposition to the Motion. Instead, other participating Defendants ZenCharts, LLC, Solutions Recovery Center, LLC, Website Consultants, Inc., Richard Glaser, Sean Callahan, Daniel Callahan, and Yanko Karkalichev, filed their collective response to the Motion. [D.E. 302]. Zen Med filed a "joinder" in support of that opposition. [D.E. 301]. Plaintiff has now replied in support of its Motion. [D.E. 304]. The matter is thus ripe for disposition. For the reasons set forth here, the Motion should be Granted and default judgment entered.

### I. BACKGROUND

The Plaintiff initiated this action by filing the First Complaint on December 31, 2017. [D.E. 1.] The First Complaint asserted claims against Zen Med for violation of Florida's Computer Abuse and Data Recovery Act ("CADRA"), breach of contract from the terms of service entered into by Zen Med, misappropriation of trade secrets, conversion of confidential and proprietary information, trespass to chattels, trademark counterfeiting, trademark infringement, unfair competition, and

deceptive and unfair trade practices. The First Complaint was served on Zen Med on February 17, 2018. [D.E. 34]. Zen Med's response to the First Complaint was due on March 12, 2018, but Zen Med did not file a response.

On March 28, 2018, the Plaintiff moved for a Clerk's default against Zen Med. [D.E. 49]. The Clerk of the Court entered the Default against Zen Med on March 28, 2018. [D.E. 50]. The Plaintiff amended the First Complaint twice thereafter, but Zen Med did not respond to any other complaint or otherwise move to vacate the original default.

Fast forward to November 4, 2019. On that date, after a lengthy trial, a jury rendered a $19.5 million verdict against the participating Defendants. [D.E. 292]. On November 22, 2019, the Plaintiff moved for a final judgment against those Defendants in accordance with the verdict. [D.E. 295]. The Defendants opposed the motion because the claims against separate, defaulted defendants, including Zen Med, had not been adjudicated. [D.E. 296]. Plaintiff responded by filing the present Motion seeking a final default judgment against Zen Med.

Zen Med has not appeared in the case other than by filing a joinder to the opposition filed by the other Defendants. They contend that a final default judgment for nominal damages cannot be entered against Zen Med for two reasons: (1) the well-pleaded allegations set forth in the relevant pleading are insufficient to state a claim against Zen Med for breach of contract, and (2) the Plaintiff did not specifically request nominal damages in its operative pleading. Plaintiff replied that these arguments were meritless and nothing more than a stalling tactic designed to drag

out the process, and specifically to delay entry of an enforceable judgment against the Defendants for as long as possible.

## II. ANALYSIS

### A. *Standard of Review*

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default. *See* Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206) (5th Cir. 1975)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). An evidentiary hearing on the appropriate amount of damages is not required by Rule 55, and it is within the Court's discretion to choose whether such a hearing should takes place. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011). With this guidance in mind, we turn to the allegations found within Plaintiff's First Complaint to determine whether default judgment is appropriate against Zen Med.[2]

---

[2] We agree with Plaintiff that much of the opposition to the Motion comes from the participating Defendants, not from Zen Med, and that these other Defendants have no standing to raise most, if not all, of these arguments. *Cf. Calmaquip Engineering Wes Hemisphere Corp. v. West Coast Carriers Ltd.*, 650 F.2d 633 (5th Cir. 1981) ("[A] party has no standing to complain of the trial court's failure to grant a motion filed by an opposing party."). But we do not dwell on this procedural challenge because the Court has an independent obligation to ensure that a default judgment is entered based on well-pleaded and plausible allegations of a complaint. We have reviewed and considered the other Defendants' arguments that go to this predicate issue. Our analysis, however, is ultimately based on the factual and legal conclusions that can be made from reviewing the operative complaint as to Zen Med. And contrary to Plaintiff's reliance on later amended pleadings, we focus on the First

B.      *Default Judgment Against Zen Med for Breach of Contract*

The elements of a breach of contract action governed by Florida law are well established. "The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller,* 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)). The breach of contract claim against Zen Med in the First Complaint is found in Count III. [D.E. 1 at 33]. There Plaintiff alleges that that the 2014 TOS constituted a valid contract, that Zen Med materially breached the 2014 Terms of Service ("TOS") and that the Plaintiff sustained damages. Specifically, this Pleading alleges that "[t]he 2014 Kipu TOS governed and restricted Solutions Recovery's use of the Kipu System, as well as those to whom login credentials were provided." [D.E. 1, ¶24]. Plaintiff then alleges that "[t]he 2014 Kipu TOS also expressly limited the permissible scope of use of the Kipu EMR System. System users were 'authorized only to use the Service for *legitimate business purposes in relation to site-level administration of its facility*'." [D.E. 1, ¶25 (emphasis in original)]. The First Complaint further alleges that "[e]ach of the Defendants entered into the 2014 Kipu TOS and agreed, on their own behalf and on behalf of those acting under their direction, to be bound by its terms and conditions." [D.E. 1, ¶146]. These well-pleaded allegations include named Defendant Zen Med. The first element of the cause of

---

Complaint because that is the pleading that resulted in the default and there is no showing that any subsequent pleadings were ever served on Zen Med.

action is thus firmly rooted in the First Complaint. By defaulting, Zen Med cannot challenge these established facts.

The breach of Zen Med's contractual duties is also fully alleged in the First Complaint. Plaintiff alleged that Zen Med breached the 2014 TOS by "engaging in activities that were 'not for a legitimate business purpose[,]'" "failing to use the Kipu EMR System for site level administration of an addiction treatment facility[,]" "reverse engineering of the Kipu EMR System, copying work flows and other Kipu intellectual property, and accessing the Kipu EMR System to develop a competing, infringing product." [D.E. 1, ¶148]. The Complaint further alleges that Zen Med and the other Defendants "adopted and are now using the OTO Mark on the same exact EMR related services, to the same type of drug and alcohol addiction treatment centers which typically license the Kipu EMR Software." [D.E. 1, ¶82]. And further Zen Med "uses 'OTO' as a spurious designation that is identical to (or substantially indistinguishable from) the OTO Mark in connection with the same exact services Kipu provides." [D.E. 1, ¶83]. Plus Zen Med's "use of 'OTO' in the ZenCharts System is a reproduction, copy or colorable imitation of the OTO Mark in connection with the sale of services in competition with Kipu . . . ." [D.E. 1, ¶84].

The First Complaint thus concludes that the misappropriation of the "OTO Program" was accomplished through accessing Kipu's electronic medical records (EMR) system. [D.E. 1, ¶58, ¶67 (identifying "OTO program" as among trade secrets found within Kipu's EMR system)]. The "OTO Mark" is one of "several distinctive non-functional source identifying indicia" contained in Kipu's EMR system. [D.E. 1,

¶75]. These well-pleaded allegations further the claim that Zen Med breached its contractual duties when it participated in and agreed to violate the 2014 TOS by accessing Plaintiff's EMR system and copying specific portions of it. The First Complaint fully supports the breach of contract claim based on these allegations that Zen Med is now bound to.

The argument in opposition, that Count III's reference to all Defendants (as opposed to Zen Med or any other named Defendant in particular), does not alter the result. The First Complaint is specifically alleging that each named Defendant entered into the 2014 TOS with Kipu and, thus, the claim is stated against each Defendant individually (and not just collectively). [D.E. 1, ¶146]. Contrary to the inapposite examples cited in the other Defendants' Response, this well-pleaded Complaint is very specific and very clear with respect to each named Defendant's contractual obligations. There is simply no basis to find that the operative complaint, for Zen Med purposes, does not adequately allege a contractual duty and a breach.

That then leads to the final element of the claim: the question of damages. The Response argues that this element is lacking in the First Complaint based on the nature of the damage sought in the pending motion – nominal damages. The operative pleading fails to include any mention of nominal damages as possible relief. So a nominal damages award cannot stand. That theory, however, does not pass muster. "It is well established that 'nominal damages . . . are recoverable upon a finding of breach of contract even though no proof of further damages is made out.'" *Miami Heart Institute, Inc. v. Heery Architects and Engineers, Inc.*, 1991 WL 163030,

at *1 (S.D. Fla. Aug. 22, 1991) (quoting *Zim v. Western Publishing Co.*, 573 F.2d 1318, 1326 (5th Cir. 1978) (applying Florida law)) (citing *Zayre Corp. v. Creech*, 497 So. 2d 706, 708 (Fla. 4th DCA 1986); *Young v. Johnston*, 475 So. 2d 1309, 1313 (Fla. 1st DCA 1985); *Continuum Condo. Assoc. v. Continuum VI, Inc.*, 549 So. 2d 1125, 1127 (Fla. 3d DCA 1989)). "Nominal damages should be awarded where a contract has been breached but for one reason or another recoverable damages were not proven." *Id.* (quotation omitted).

As a result, a defaulted defendant cannot plausibly challenge an award of nominal damages to a defaulted breach of contract claim, where Florida law expressly allows for recovery of that type of damage. *See, e.g., Far Out Music, Inc. v. Jordan*, 502 So. 2d 523, 524 (Fla. 3rd DCA 1987) (affirming award of nominal damages on contract claim and punitive damages on fraud claim against defaulted defendant; plaintiff was prevented from establishing a case for compensatory damages so nominal damages awarded); *Armadillo Distribution Enterprises, Inc. v. Hai Yun Musical Instruments Manufacture Co.,* 142 F. Supp. 3d 1245, 1255 (M.D. Fla. 2015) ("Florida law also provides for recovery of general, incidental, and consequential damages.") (awarding damages against defaulted defendant in breach of contract action each measure of recoverable damage permitted under Florida law).

The Trial Defendants have not disputed and cannot dispute this. They focus instead on the absence of any mention of "nominal damages" in the First Complaint. But they forget that Paragraph 149 alleges that Plaintiff "incurred damages" as a result of the breach of contract, and the Prayer for Relief demands judgment against

all Defendants (including Zen Med) for the breach of the 2014 TOS "including any and all applicable damages" as well as "Compensatory and other damages allowed by law." [D.E. 1, at 49-50]. So to the extent the outcome of this Motion rested on magic language, it is readily found in the operative Complaint.

But in point of fact, the Response treats breach of contract damages as "special damages" that must be specifically pleaded under Rule 9. They are not. It is hornbook contract law, in Florida and elsewhere, that:

> General damages are 'those damages which naturally and necessarily flow or result from the injuries alleged....' " *Hardwick Properties, Inc. v. Newbern,* 711 So. 2d 35, 39 (Fla. 1st DCA 1998) (quoting *Hutchison v. Tompkins,* 259 So. 2d 129, 132 (Fla. 1972)). General damages " 'may fairly and reasonably be considered as arising in the usual course of events from the breach of contract itself.' " *Id.* (quoting *Fla. E. Coast Ry. v. Beaver St. Fisheries, Inc.,* 537 So. 2d 1065, 1068 (Fla. 1st DCA 1989)). Stated differently, "[g]eneral damages are commonly defined as those damages which are the direct, natural, logical and necessary consequences of the injury." *Fla. Power Corp. v. Zenith Indus. Co.,* 377 So. 2d 203, 205 (Fla. 2d DCA 1979) (emphasis added).

*Keystone Airpark Auth. v. Pipeline Contractors, Inc.,* 266 So. 3d 1219, 1222 (Fla. 1st DCA 2019), *rev. denied,* No. SC19-314, 2019 WL 1371949 (Fla. Mar. 27, 2019).

Rule 9 only requires special damages to be specifically pleaded. But when general damages are at issue, the Court may award any category of damage that naturally flows from the contractual breach alleged in the complaint. The Response argues otherwise based on a misleading citation to "Eleventh Circuit authority" collected in *Keybank Nat. Ass'n v. Fairpoint, LLC,* 2008 WL 4613648 (N.D. Ga. Oct. 14, 2008). Based on this case, the Defendants contend that "a plaintiff's reliance upon 'the general 'all other such relief' language in its complaint" has been found

insufficient to plead nominal damages." [D.E. 301 at 4]. Not so. That case, and the cases it cited, had nothing to do with the type of issue presented here. Instead, the plaintiff in that case *did not request any damages at all* in the complaint: "Under the circumstances here, where KeyBank sought only injunctive relief on its claim concerning Fairpoint's initiation of the state court lawsuit, the court finds that the general prayer for relief does not encompass a request for nominal damages." *Id.* at *3. That complaint was seeking injunctive and declaratory relief, largely in the form of specific performance. The only monetary remedy mentioned in the complaint was for attorneys' fees. "Damages" were never uttered. So the Court, applying Georgia law, concluded that nominal damages did not flow from the complaint that included no plea for damages and only referred to "all other such relief" language in the prayer for relief section. It thus denied any award for nominal damages on the contract claim.

Here, the Plaintiff not only demanded relief for "incurred damages," it requested "any and all applicable damages" and "[c]ompensatory and other damages allowed by law." These are the type of allegations completely missing from the complaint in *KeyBank*. By contrast, the Eleventh Circuit itself affirmed an award for nominal damages based on a prayer for relief that is significantly less specific than those here: "We conclude that Boxer did seek nominal damages when his complaint requested compensatory damages and 'any other relief the court deem[s] appropriate.'" *Boxer v. Donald,* 169 F. App'x 555, 559 (11th Cir. 2006) (award of

damages for violation of constitutional rights properly included nominal and other compensatory damages; judgment reversed on other grounds).

Thus, to the extent Eleventh Circuit authority has relevance here, it is strongly on the side of awarding nominal damages where the complaint repeatedly requested an award of any damages necessary to remedy the contractual breach alleged. The Response's primary opposition to the entry of default judgment rings hollow.

### III.   CONCLUSION

Based upon our review of the record and the governing law, we hereby **RECOMMEND** that Plaintiff's Motion for Entry of Default Judgment against Zen Medical LLC be **GRANTED** and judgment should be entered in Plaintiff's favor in the amount of $1.00. Pursuant to Local Magistrate Rule 4(b), the Parties shall have fourteen days to file written objections, if any, with the Honorable Kathleen M. Williams, United States District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND ORDERED** in Chambers this 3rd day of March, 2020.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge