UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-24733-Civ-WILLIAMS/TORRES

KIPU SYSTEMS LLC,

    Plaintiff,

v.

ZENCHARTS LLC, *et al.*,

    Defendants.

_____/

**OMNIBUS REPORT AND RECOMMENDATION
ON CROSS-MOTIONS FOR COSTS**

This matter is before the Court on Kipu Systems, LLC's ("Plaintiff" or "Kipu") and ZenCharts LLC's ("ZenCharts") cross-motions for costs. [D.E. 336-337]. Both parties filed their respective oppositions on January 27, 2020 [D.E. 344-345] to which neither filed a reply and the time to do so has now passed. Therefore, the motions are now ripe for disposition. After careful consideration of the motions, responses, relevant authorities, and for the reasons discussed below, Kipu's motion for costs should be **GRANTED** and ZenCharts's motion for costs should be **DENIED**.[1]

---

[1] On January 22, 2021, the Honorable Kathleen Williams referred the parties' cross-motions to the undersigned Magistrate Judge for disposition. [D.E. 340].

## I.     BACKGROUND

This case involved a dispute over a licensing agreement for the use of software designed to maintain electronic medical records. Plaintiff was the creator and owner of a computer program that treatment facilities used to manage and maintain medical records electronically. Plaintiff alleged that ZenCharts and other defendants, after having failed to create their own electronic medical system, signed up to use Plaintiff's system and then used that access to study and misappropriate the structure, organization, workflows, and processes. Plaintiff raised, in its initial pleading, claims for violating the Florida Computer Abuse and Data Recovery Act ("CADRA"), breach of contract, the Lanham Act, unfair competition, and the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"). Plaintiff subsequently amended that pleading to remove some claims, except for violations of CADRA, breach of contract, unfair competition, and a Lanham Act claim. ZenCharts raised counterclaims for tortious interference, trade libel, and violations of FDUPTA and the Lanham Act.

On October 16, 2019, the Court granted ZenCharts's motion for summary judgment on Plaintiff's CADRA claim and granted Kipu's motion for summary judgment on all of ZenCharts's counterclaims. *See Kipu Sys., LLC v. ZenCharts, LLC*, 2019 WL 7371879, at *11 (S.D. Fla. Oct. 16, 2019). On November 4, 2019, a jury returned a verdict for Kipu on all remaining claims, finding that Kipu sustained damages totaling $19,500,000. The jury found that ZenCharts

committed a breach of contract, that Kipu sustained damages totaling $1,000,000 as a result of that breach, and that Kipu suffered damages of $5,000,000 for unfair competition. After ZenCharts moved for judgment notwithstanding the verdict, the Court granted that motion in part and found that Kipu failed to provide ZenCharts with adequate notice of an unfair competition claim. The Court entered judgment for $1,000,000 against ZenCharts on Kipu's breach of contract claim and both parties filed their respective motions for costs that are now ripe for disposition.[2]

## II.   APPLICABLE PRINCIPLES AND LAW

Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs. *Id.* A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920). "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

The court should not take into consideration the relative wealth of the parties, as it would undermine the presumption that Rule 54(d)(1) creates in favor of the

---

[2] The final judgment also awarded Kipu $1,508,000 against Solutions Recovery Center, LLC, $1,500,000 against Richard Glaser, $1,500,000 against Sean Callahan, and $1,000,000 against Yanko Karkalichev.   [D.E. 324].

prevailing parties. *See id.* Upon the filing of a timely motion for costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable. *See, e.g., Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (finding that the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially Anecessarily obtained for use in the case.").

### III. ANALYSIS

On January 13, 2021, both parties filed a motion for costs. [D.E. 336-337]. Kipu seeks $43,546.64 and ZenCharts asks for $32,459.58. The disagreement between the two competing motions turns largely on whether Kipu or ZenCharts should be considered the "prevailing party."[3] Kipu says that it should be considered the prevailing party because the Court entered final judgment in its favor on December 14, 2020. [D.E. 324]. That judgment purportedly created a material alteration of the legal relationship between the two parties because it awarded Kipu $1,000,000 dollars against ZenCharts. Although Kipu's unfair competition claim fell short due to a pleading deficiency, Kipu claims that there was no disposition on the merits and thus no material alteration of the parties' legal relationship.

---

[3]   ZenCharts explicitly stated that it does *not* object to the amount of the costs requested; it only objects to Kipu's entitlement to those costs.

Kipu also says the claims that it withdrew against ZenCharts do not change the analysis because, if anything, that equates to a voluntary dismissal without prejudice – not a judgment on the merits. *See, e.g., Sream, Inc. v. HHM Enter. Partners, Inc.*, 2017 WL 3007534, at *2 (S.D. Fla. July 14, 2017) ("Ordinarily a dismissal without prejudice is not a "judgment on the merits" for purposes of declaring a prevailing party because it does not alter the legal relationship of the parties, as the plaintiff may re-file the case.") (citing cases). And while Kipu concedes that the Court granted ZenCharts's motion for summary judgment as to its CADRA claim, the Court also granted Kipu's motion for summary judgment on all of ZenCharts's counterclaims. So, although ZenCharts was partially successful in defeating some causes of action, Kipu concludes that costs should still be awarded because "[c]ases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced." *Head v. Medford*, 62 F.3d 351, 354–55 (11th Cir. 1995) (quoting *United States v. Mitchell*, 580 F.2d 789, 793–94 (5th Cir. 1978)).

ZenCharts's response [4] is that, although Kipu prevailed on some claims against some defendants, Kipu lost on more than it prevailed. The response also says that final judgment was only awarded against four defendants out of the

---

[4]   ZenCharts filed a cross-motion for costs [D.E. 337], yet other defendants joined in opposition to Kipu's motion for costs. Although somewhat unclear due to a failure to define the opposition to Kipu's motion, it appears that these additional defendants include Daniel Callahan, Sean Callahan, Richard Glaser, Yanko Karkalichev, Solutions Recovery, LLC, and Website Consultants, Inc.

original thirteen and that Kipu only succeeded on three claims out of the original fourteen counts. That is, while Kipu sought $30 million dollars, it only recovered $6 million. And two defendants – Dan Callahan and Website Consultants – prevailed on every claim asserted against them, entitling them to their own taxable costs. The response further mentions that several defendants prevailed on Kipu's CADRA and Lanham Act claims, leaving Kipu with too many losses to sustain a cost award. If the Court is unpersuaded on that point, the response asks that the Court award costs to none of the parties because this case represents a split outcome. Either way, the response posits that Kipu is not the prevailing party.

To tax costs against an adverse party under Rule 54, a party must first be a "prevailing party." *See* Fed. R. Civ. P. 54(d)(a) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). The Supreme Court has held that a party is a "prevailing party" if the party succeeded on "any significant issue in the litigation which achieved some of the benefit the parties sought in bringing suit." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 791 (1989) (internal citations and quotations omitted). Along those same lines, the Eleventh Circuit applies a two-prong test to determine whether a litigant is a "prevailing party," requiring "(1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial imprimatur on the change in the legal relationship between the parties." *Smalbein ex rel. Estate of Smalbein v. City*

6

*of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003) (citations and quotations omitted).

Federal law grants courts the discretion to decide which (if either) party "prevailed" for the purposes of taxing costs under Rule 54(d)(1). *See, e.g.*, *U.S. Search, LLC v. U.S. Search.com, Inc.*, 300 F.3d 517, 522 n.4 (4th Cir. 2002) (applying discretionary standard to a district court's decision as to which litigant was the "prevailing party" for purposes of costs); *Johnson v. Nordstrom-Larpenteur Aaency, Inc.*, 623 F.2d 1279, 1282 (8th Cir. 1980) ("Where each of the parties has prevailed on one or more of its claims, defense or counterclaims, the district court has broad discretion in taxing costs."). In cases resulting in split outcomes, federal courts have exercised that discretion to deny costs to either party. *See Dear v. Q Club Hotel, LLC*, 2017 WL 5665359, at *8 (S.D. Fla. Nov. 1, 2017), *Report and Recommendation adopted*, 2017 WL 5665361 (S.D. Fla. Nov. 20, 2017); *see also MDS (Canada), Inc. v. Rad Source Techs., Inc.*, 822 F. Supp. 2d 1263, 1325 n.29 (S.D. Fla. 2011) (exercising discretion under Rule 54(d)(1) to deny costs to either party where both prevailed on some claims but not others); *Wheatley v. Moe's Sw. Grill, LLC*, 580 F. Supp. 2d 1319, 1321-23 (N.D. Ga. 2008) (denying costs to defendant who prevailed on claims in plaintiff's complaint but failed to prevail on counterclaims); *Tao of Svs. Integration v. Analytical Servs. & Materials*, 412 F. Supp. 2d 571, 575 (E.D. Va. 2006) (concluding no "prevailing party" where "each party prevailed in its defense of a claim" and "each party lost a claim to hold the

7

other party liable"). Thus, in some circumstances, "one party can be determined a prevailing party on one claim, while the opposing party prevails on another claim." *Stewart v. Town of Zolfo Springs,* 1998 WL 776848 at *1 (M.D. Fla. Sept. 16, 1998) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 435 (1983)).

Both parties seek a cost award for prevailing on certain claims. But, before we consider whether Kipu or ZenCharts should be deemed a "prevailing party," there is a noticeable shortfall with both motions. Local Rule 7.3(c) requires that a motion for costs "be filed and served within thirty (30) days of entry of final judgment or other appealable order that gives rise to a right to tax costs under the circumstances listed in 28 U.S.C. § 1920." S.D. Fla. L.R. 7.3(c). Prior to filing of that motion, Local Rule 7.3(c) also directs the moving party to confer with affected parties in a good faith effort to resolve the items of costs being sought. *See id.* A bill of costs shall then include "copies of any documentation showing the amount of costs and shall be supported by a *memorandum* not exceeding ten (10) pages." *Id.* (emphasis added). "Local Rule 7.3's requirements are not optional, but mandatory." *I.T.N. Consolidators, Inc. v. N. Marine Underwriters, Ltd.*, 2016 WL 3892428, at *3 (S.D. Fla. July 13, 2016) (citing *Norych v. Admiral Ins. Co.*, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010)). "A party's failure to comply with Local Rule 7.3 is a sufficient basis to deny its fees and costs motion." *Id.* (citing *Norych,* 2010 WL 2557502, at *2).

Here, the parties filed a bill of costs on form AO 133 of the Administrative office of the United States Courts and supported their requests with the underlying invoices. The parties failed, however, to file a memorandum in support of their motions as required under the Court's Local Rules. The parties simply left it to the Court to piece together all the costs requested and to determine whether they should be awarded those amounts without any citation to the record or the relevant legal authorities. Kipu attached 140 pages of invoices while ZenCharts attached another 51 pages with neither party explaining where any of the pertinent information is located. *See, e.g.*, *Tejeda v. Swire Properties, Inc.*, 2019 WL 8160724, at *4 (S.D. Fla. Dec. 26, 2019), *Report and Recommendation adopted*, 2020 WL 1062975 (S.D. Fla. Mar. 5, 2020) (finding that a motion for costs that fails to include a memorandum "could be denied in toto.") (citing *MSPA Claims 1, LLC v. Liberty Mut. Fire Ins. Co.*, 2018 WL 5098974, at *2 (S.D. Fla. Sept. 27, 2018) (denying motion for costs "[b]ecause there is no supporting memorandum as required under the Local Rules")); *see also Estrada v. Alexim Trading Corp.*, 2012 WL 4449470, at *15 (S.D. Fla. Sept. 26, 2012) ("Local Rule 7.3(a) requires that costs taxable under 28 U.S.C. § 1920 shall be sought by a party filing a bill of costs in a specific form, or in a substantially similar form, *along with a supporting memorandum*, and Plaintiff has failed to do so.") (emphasis added)). Although this is a sufficient reason to deny all of the relief requested, we exercise our discretion to consider both motions on the merits.

9

Both Kipu and ZenCharts want to be declared the "prevailing party." Kipu's motion focuses on how it prevailed against ZenCharts while the latter looks to how other defendants had greater success. The problem with the opposition to Kipu's motion is that, although it points to the success of other defendants, ZenCharts has no answer as to how it can be deemed the prevailing party or why Kipu should not recover costs against this specific defendant. In other words, while ZenCharts had some success and defeated Kipu's CADRA claim, Kipu defeated all of ZenCharts's counterclaims and won a significant money judgment due to a breach of contract.

ZenCharts says that this is immaterial because of the success of other defendants. Yet, that fails to grapple with the specific relief requested in Kipu's motion. Kipu does not take aim at all of the defendants; it only targets ZenCharts. And when understood to that effect, Kipu should be considered the prevailing party. The only way ZenCharts could be considered a prevailing party is if Kipu prevailed on *none* of the claims it filed in pursuing this lawsuit. *See, e.g., Emery v. Am. Airlines, Inc.*, 647 F. App'x 968, 973 (11th Cir. 2016) ("A defendant is a prevailing party if the plaintiff achieves none of the benefits it sought in pursuing the lawsuit.") (citing *Head*, 62 F.3d at 354–55 (concluding that a defendant was the prevailing party when the district court granted its motion for summary judgment and dismissed the plaintiff's remaining state law claims)); *see also* 10 *Moore's Federal Practice* § 54.171[3][c][iv], at 54–285 ("If the case is litigated to judgment on the merits in favor of the defendant, the defendant is the prevailing party."). So,

10

given that Kipu succeeded on at least one of its claims against ZenCharts, the latter has no compelling argument that it can be considered a prevailing party. *See Emery*, 647 F. App'x at 973 ("[A]lthough [defendant] avoided liability on three of the claims [plaintiff] pursued, it was held liable to [plaintiff] for a civil penalty on her fourth claim. Under these facts, the district court erred in deeming [defendant] to be the prevailing party in the litigation.") (citing *Lipscher v. LRP Publ'ns, Inc.,* 266 F.3d 1305, 1321 (11th Cir. 2001) ("As the district court correctly noted, the jury returned a verdict in favor of Law Bulletin as to liability, and while the damage award was nominal, the district court entered final judgment in Law Bulletin's favor as to damages. The district court did not err in finding Law Bulletin to be the prevailing party for Rule 54 purposes.")). And since there is an agreement between the parties on the amount of the costs requested, Kipu's motion for costs should be **GRANTED** in the amount of $43,546.64.

The final issue is ZenCharts's cross-motion for costs. ZenCharts requests that it be awarded $32,459.58. That request falls short for the reasons already stated because, for Rule 54 purposes, "there is no discretion for an award of fees to a non-prevailing party." *Lipscher*, 266 F.3d at 1321. It appears, however, that some of the defendants that joined ZenCharts in opposition to Kipu's motion – such as Dan Callahan and Website Consultants – seek to recover their own costs because they prevailed on every claim presented against them. But, those defendants never filed a separate motion for costs nor did they file a motion for an extension of time to

11

seek that relief.[5] They merely joined ZenCharts in opposition to Kipu's motion for costs without seeking any affirmative relief of their own. Any motion for costs would now be untimely under the Court's Local Rules because that was due within thirty (30) days after the Court entered final judgment on December 14, 2020. [D.E. 324]. Accordingly, Kipu's motion for costs against ZenCharts should be **GRANTED** in the amount of $43,546.64 and ZenCharts's cross-motion for costs should be **DENIED**.

### IV.    CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Kipu's motion for costs against ZenCharts be **GRANTED** in the amount of $43,546.64 and that ZenCharts's motion for costs be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge

---

[5] In some cases, there can be claims that are so distinct as to include multiple prevailing parties. *See, e.g.*, *Martinair Holland, N.V. v. Benihana, Inc.*, 815 F. App'x 358, 361 (11th Cir. 2020) (noting that where "the claims are so distinct that there may be multiple prevailing parties.") (citing *Leon F. Cohn, M.D., P.A. v. Visual Health & Surgical Ctr., Inc.*, 125 So. 3d 860, 863 (Fla. 4th DCA 2013)). There is no need to reach this issue here because only Kipu and ZenCharts filed a motion for costs. If other defendants – specifically those that prevailed on all of Kipu's claims – had filed a motion for costs then the issue of multiple prevailing parties may have arisen. But, because other parties failed to file a motion seeking that relief and nothing in this record allows for that to be considered, we omit any further discussion of whether other defendants could be deemed prevailing parties.

of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 10th day of February, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge