**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

KIPU SYSTEMS LLC,
a Florida limited liability company,

      Plaintiff/Counter-Defendant,

Case No.1:17-cv-24733-KMW-EGT

v.

ZENCHARTS LLC, a Florida limited liability company,
SOLUTIONS RECOVERY CENTER, LLC,
a Florida limited liability company,

      Defendants/Counter-Plaintiffs, and

ZEN MEDICAL, LLC, an administratively dissolved
Florida limited liability company,
WEBSITE CONSULTANTS INC., a Florida corporation,
RICHARD 'RICK' GLASER, an individual,
KEITH HOUILHAN a/k/a KEITH HOOTIE, an individual,
SEAN CALLAHAN, an individual,
DANIEL J. CALLAHAN, an individual, and
YANKO KARKALICHEV, an individual,

      Defendants.                              /

**PLAINTIFF, KIPU SYSTEMS LLC'S, *EX-PARTE* MOTION FOR WRIT OF GARNISHMENT AFTER JUDGMENT AGAINST YANKO KARKALICHEV**

Plaintiff and Judgment Creditor, KIPU SYSTEMS LLC (the "Plaintiff", "Judgment Creditor" or "KIPU"), by and through its undersigned counsel and pursuant to Fla. Stats. 77.01. 77.03, and Fed R. Civ. P. 69, moves for issuance of a *Writ of Garnishment after Judgment* against Yanko Karkalichev ( "Karkalichev") (the "Motion"). In support of the Motion, KIPU provides:

    1.    On December 14, 2020, this Court entered the *Final Judgment* [Doc. No. 324] (the "Final Judgment") in favor of KIPU and against: (i) Solutions Recovery Center, LLC in the amount



of $1,508,000.00 plus post-judgment interest pursuant to 28 U.S.C. § 1961; (ii) ZenCharts LLC in the amount of $1,000,000.00 plus post-judgment interest pursuant to 28 U.S.C. § 1961; (iii) Glaser in the amount of $1,500,000.00 plus post-judgment interest pursuant to 28 U.S.C. § 1961; (iv) Sean Callahan in the amount of $1,500,000.00 plus post-judgment interest pursuant to 28 U.S.C. § 1961; and (v) Karkalichev in the amount of $1,000,000.00 plus post-judgment interest pursuant to 28 U.S.C. § 1961 (each a "Judgment Debtor" and collectively, the "Judgment Debtors").  A true and correct copy of the Final Judgment is attached hereto as **Exhibit "A."**

2. The amount that remains due and unpaid by Karkalichev is $1,000,000.00, plus post-judgment interest at the rate as prescribed by 28 U.S.C. § 1961.

3. KIPU does not believe that Karkalichev has visible property on which a levy can be made sufficient to satisfy the Judgment.

4. Upon information and belief, KIPU has reason to believe that Karkalichev maintains an account (the "Account") at Citigroup, Inc. d/b/a Citibank America ("Garnishee") with a principal address of 388 Greenwich Street, New York, NY 10013 with a registered agent at: CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324.  KIPU also believes the Garnishee is indebted to, or has tangible or intangible personal property belonging to, Karkalichev in its possession or control.

5. Accordingly, KIPU requests that this court grant a writ of garnishment against Garnishee with respect to Karkalichev's tangible and intangible personal property in its control.

## MEMORANDUM OF LAW

6. Pursuant to Fed. R. Civ. P. 69(a), proceedings to aid in the execution of a judgment shall follow the practice and procedures of the state in which the district court is located at the time a remedy is sought. Fed R. Civ. P. 69(a)(1); *see also Exp. Dev. Canada v. Xacore, Inc.*, Case No.

8:12-CV-1244-T-17EAJ, 2013 WL 57693, at *1 (M.D. Fla. Jan. 3, 2013) ("A money judgment is enforceable by a writ of garnishment, and the writ must accord with the law of the state where the court is located."). In this regard, section Fla. Stat. 77.01 provides, in relevant part, that a judgment creditor is entitled to a writ of garnishment to enforce a judgment:

> Every person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person or any debt not evidenced by a negotiable instrument that will become due absolutely through the passage of time only to the defendant by a third person, and any tangible or intangible personal property of defendant in the possession or control of a third person. The officers, agents, and employees of any companies or corporations are third persons in regard to the companies or corporations, and as such are subject to garnishment after judgment against the companies or corporations.

*See* Section 77.01, Fla. Stat.

7. Moreover, section 77.03, Fla. Stat. provides:

> After judgment has been obtained against defendant but before the writ of garnishment is issued, the plaintiff, the plaintiff's agent or attorney, shall file a motion (which shall not be verified or negative defendant's exemptions) stating the amount of the judgment. The motion may be filed and the writ issued either before or after the return of execution.

*See* Section 77.03, Fla. Stat.

8. Accordingly, KIPU is entitled to issuance of a writ of garnishment, substantially in the form as the proposed writ of garnishment attached as **Exhibit "B,"** pursuant to section Fla. Stat. 77.01, and any funds, assets, property, or credit in Garnishee's possession belonging to Karkalichev in satisfaction of the Judgment.

WHEREFORE, Plaintiff and Judgement Creditor, KIPU SYSTEMS LLC, respectfully requests entry of an Order: (i) granting this Motion for Writ of Garnishment against Yanko Karkalichev (ii) issuing a Writ of Garnishment to CitiBank America to turnover any of

Karkalichev's funds, assets property or creditor in satisfaction of the Judgment, and (iii) granting any other relief that this Court deems just and proper.

Respectfully submitted,

                                      **AGENTIS PLLC**
*Counsel for KIPU SYSTEMS LLC*
55 Alhambra Plaza, Suite 800
Coral Gables, Florida 33134
T. 305.722.2002
www.agentislaw.com

By:   */s/ Robert P. Charbonneau*
       Robert P. Charbonneau
       Florida Bar No: 968234
       rpc@agentislaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 17, 2021, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which provided notice of filing and served the foregoing to all counsel of record.

By:  <em>/s/ Robert P. Charbonneau</em><br>
Robert P. Charbonneau<br>
Florida Bar No: 968234<br>
rpc@agentislaw.com

**55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**