**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

KIPU SYSTEMS LLC,
a Florida limited liability company,

       Plaintiff/Counter-Defendant,

Case No.1:17-cv-24733-KMW-EGT

v.

ZENCHARTS LLC, a Florida limited liability company,
SOLUTIONS RECOVERY CENTER, LLC,
a Florida limited liability company,

       Defendants/Counter-Plaintiffs, and

ZEN MEDICAL, LLC, an administratively dissolved
Florida limited liability company,
WEBSITE CONSULTANTS INC., a Florida corporation,
RICHARD 'RICK' GLASER, an individual,
KEITH HOUILHAN a/k/a KEITH HOOTIE, an individual,
SEAN CALLAHAN, an individual,
DANIEL J. CALLAHAN, an individual, and
YANKO KARKALICHEV, an individual,

       Defendants.                                                    /

**KIPU SYSTEMS LLC'S, EX PARTE MOTION FOR CHARGING ORDER IN ITS FAVOR AGAINST PAYMENTS FOR PROFITS AND DISTRIBUTIONS TO JUDGMENT DEBTORS, SEAN CALLAHAN AND RICHARD GLASER**

Plaintiff and Judgment Creditor, KIPU SYSTEMS LLC ("KIPU" or "Judgment Creditor"), by and through undersigned counsel and pursuant to Fla. Stat. § 605.0503, respectfully moves this Honorable Court for the imposition of a charging order against the interests of SEAN CALLAHAN ("Callahan") and RICHARD GLASER ("Glaser" and together with Callahan the "Judgment Debtors") in Unaffiliated Tech, LLC and ZenCharts, LLC (the "Motion"). In support of the Motion, KIPU provides as follows:

1. On December 14, 2020, this Court entered the *Final Judgment* [Doc. No. 324] in favor of KIPU and against: (i) Solutions Recovery Center, LLC in the amount of $1,508,000.00; (ii) ZenCharts LLC in the amount of $1,000,000.00; (iii) Richard Glaser in the amount of $1,500,000.00; (iv) Sean Callahan in the amount of $1,500,000.00; and (v) Yanko Karkalichev in the amount of $1,000,000.00. (collectively, the "Judgment Debtors").  Kipu's judgment against the Judgment Debtors has accrued, and continues to accrue, post-judgment interest pursuant to 28 U.S.C. §1961.

2. The amount that remains due and unpaid by Callahan is $1,500,00.00 plus post-judgment interest at the rate as prescribed by 28 U.S.C. § 1961, and the amount that remains unpaid by Glaser is $1,500,00.00, plus post-judgment interest at the rate as prescribed by 28 U.S.C. § 1961.

3. The Judgment Creditor does not believe that the Judgment Debtors have visible property on which a levy can be made sufficient to satisfy the Judgment.

4. Upon information and belief Callahan and Glaser maintain interests in Unaffiliated Tech, LLC and ZenCharts, LLC (the "Companies").

5. Pursuant to Fla. Stat. § 605.0503, the court may enter a charging order against the transferable business interests of a judgment debtor for the unsatisfied amount of the judgment.

## I.   ARGUMENT

6. Under Fla. Stat. § 605.0503(1), a judgment creditor may seek a charging order against business interests of the judgment debtor to satisfy an unpaid judgment. Fla. Stat. § 605.0503(1) provides in relevant part that: "on application . . . by a judgment creditor of a member or a transferee, the court may enter a charging order against the transferable interest of

55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

the member or transferee for payment of the unsatisfied amount of the judgment with interest." *See* Fla. Stat. § 605.0503(1).

7. Pursuant to Fla. Stat. § 605.0503(3): "[a] charging order is the sole and exclusive remedy by which a judgment creditor of a member or member's transferee may satisfy a judgment from the judgment debtor's interest in a limited liability company or rights to distributions from the limited liability company." Fla. Stat. § 605.0503(3).

8. The exclusive remedy available to a judgment creditor with respect to the judgment debtor's interests in an LLC is a charging order or a charging order followed by a foreclosure sale. *See Gorrin v. Poker Run Acquisitions, Inc.*, 237 So. 3d 1149, 1156 (Fla. 3d DCA 2018) (citing *Regions Bank v. Hyman*, 2015 WL 1912251, at *7, 2015 U.S. Dist. LEXIS 55011, at *7 (M.D. Fla. 2015).

9. The charging order provides a judgment creditor access to a judgment debtor's rights to profits and distributions from the judgment debtor's business entities. *See Lefkowitz v. Quality Labor Management*, 159 So. 3d 147 (Fla. 5th DCA 2014).

10. Callahan and Glaser maintain interests in the Companies.

11. Accordingly, to the extent the Judgment Debtors have failed to satisfy the Judgment to date, KIPU is entitled to a charging order to attach to the Judgment Debtors' interests in the Companies or distributions from the Companies.

12. KIPU also seeks to charge interest at the maximum rate allowed by Florida law.

**WHEREFORE**, the Judgment Creditor, **KIPU SYSTEMS, LLC**, respectfully requests that this Court enter an Order (1) imposing a charging order in favor of KIPU Systems LLC to attach to all interests, profits and distributions of Sean Callahan in Unaffiliated Tech, LLC and ZenCharts, LLC; (2) imposing a charging order in favor of KIPU Systems, LLC to attach to all

interests, profits and distributions of Richard Glaser in Unaffiliated Tech, LLC and ZenCharts, LLC; and (3) granting such other relief deemed just and proper under the circumstances.

Respectfully submitted,

        **AGENTIS PLLC**
        *Counsel for KIPU SYSTEMS LLC*
        55 Alhambra Plaza, Suite 800
        Coral Gables, Florida 33134
        T. 305.722.2002
        www.agentislaw.com

        By:   */s/ Robert P. Charbonneau*
              Robert P. Charbonneau
              Florida Bar No: 968234
              rpc@agentislaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 17, 2021, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which provided notice of filing and served the foregoing to all counsel of record.

        By:   */s/ Robert P. Charbonneau*
              Robert P. Charbonneau
              Florida Bar No: 968234
              rpc@agentislaw.com