UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-24733-Civ-WILLIAMS/TORRES

KIPU SYSTEMS LLC,

    Plaintiff,

v.

ZENCHARTS LLC, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR A CHARGING ORDER**

This matter is before the Court on Kipu Systems, LLC's ("Plaintiff") motion for a charging order against Sean Callhan ("Mr. Callhan") and Richard Glaser ("Mr. Glaser") (collectively, "Defendants"). [D.E. 363]. No response was filed in opposition and the time to do so has passed. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, relevant authorities, and for the reasons discussed below, Plaintiff's motion should be **GRANTED**.

*I.    ANALYSIS*

This case involved a dispute over a licensing agreement for the use of software designed to maintain electronic medical records. Plaintiff alleged that several defendants, after having failed to create their own electronic medical system, signed up to use Plaintiff's system and then used that access to study and misappropriate the structure, organization, workflows, and processes. Following a jury trial, the

1

Court entered judgment in Plaintiff's favor against Mr. Glaser for $1,500,000 and Mr. Callahan for $1,500,000. [D.E. 324]. Both of these judgments included post-judgment interest pursuant to 28 U.S.C. § 1961.

Plaintiff requests that a charging order be issued against two companies where Defendants maintain an interest: Unaffiliated Tech, LLC and ZenCharts LLC the "Companies"). A charging order provides a judgment creditor with the ability to satisfy a judgment from a judgment debtor's transferable interest in a limited liability company. Plaintiff says that a charging order is necessary here because Defendants have failed to satisfy the judgment entered against them. Thus, Plaintiff requests that the Court impose a charging order to all interests, profits, and distributions that Defendants have in the Companies and grant any other relief deemed just and proper.

Fed. R. Civ. P. 69(a)(1) provides that "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located[.]" The Florida Limited Liability Company Act (the "Florida LLC Act") governs a judgment creditor's levy or seizure of a judgment debtor's membership interest in an LLC. For a judgment creditor to create a lien on a judgment debtor's LLC interest – including any proceeds thereof – Fla. Stat. 605.0503 provides that the judgment creditor's "sole and exclusive remedy" is to obtain a charging order or a charging order followed by a

foreclosure sale.[1]  The remedy "constitutes a lien upon a judgment debtor's transferable interest and requires the limited liability company to pay over to the judgment creditor a distribution that would otherwise be paid to the judgment debtor." Fla. Stat. § 605.0503(1).  This concept is reiterated under Fla. Stat § 605.0502(2), where it states that "[a] transferee has the right to receive, in accordance with the transfer, distributions to which the transferor would otherwise be entitled." Fla. Stat. § 605.0503(2).  Where the limited liability company has only one member, the statute allows a court to order a foreclosure sale, if a judgment creditor establishes that a charging order will not satisfy the judgment. *Id*. at § 605.0503(4).  If a limited liability has more than one member then a judicial sale is not an available remedy.  *Id*. at § 605.0503(1).

Here, the motion is well taken because there are unrebutted assertions in the record that Defendants maintain an interest in the Companies and that they have failed to satisfy the Court's judgment entered against them.  Florida's appellate courts are in agreement that sections 605.0503(1) authorizes a court "to enter a charging order against a judgment debtor's transferrable interest," and to require

---

[1]  The Florida legislature amended the Florida LLC Act in 2013 "to clarify the exclusive remedies available to a judgment creditor as to a judgment debtor's interest in an LLC [as] a charging order, or a charging order followed by a foreclosure sale." *Regions Bank v. Hyman*, 2015 WL 1912251, at *7 (M.D. Fla. Apr. 27, 2015).  The legislative amendment was enacted to overturn the Florida Supreme Court's decision in *Olmstead v. FTC,* 44 So. 3d 76, 80 (Fla. 2010), because that case allowed a judgment creditor to create a judgment lien against a single-member LLC *either* by charging order and foreclosure sale under the Florida LLC Act, or by filing a judgment lien certificate against personal property under Fla. Stat. § 55.202.  *See Regions Bank,* 2015 WL 1912251, at *7.  The law now only permits liens against LLCs through a charging order or charging order and foreclosure sale.  *Id.*

"an LLC to pay over to the judgment creditor any distribution that would otherwise be paid to the judgment debtor." *Kostoglou v. Fortuna*, 290 So. 3d 924, 925 (Fla. 4th DCA 2020) (citing *Panksy v. Barry S. Franklin & Assocs., P.A.*, 264 So. 3d 961, 962 (Fla. 4th DCA 2019)); *see also McClandon v. Dakem & Assocs., LLC*, 219 So. 3d 269, 271 (Fla. 5th DCA 2017) ("Under . . . section 605.0503, the charging order entered by the court should have only directed the LLCs to divert [the debtor's] rights to the LLCs' profits and distributions to [the creditor]."); *Capstone Bank v. Perry-Clifton Enters., LLC*, 230 So. 3d 970, 971 (Fla. 1st DCA 2017) ("A charging order is a remedy that a creditor of a member in an LLC . . . can receive from a court that instructs the entity to give the creditor any distributions that would otherwise be paid to the . . . member from the entity.") (citation and quotation marks omitted).

## II.    CONCLUSION

For the foregoing reasons, Plaintiff's motion should be **GRANTED** and a charging order should be issued as to the Defendants' interest in the Companies.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the Court finds good cause to expedite any objections to this Report and Recommendation. The parties have until **March 19, 2021** to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634

(11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 15th day of March, 2021.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge