**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

KIPU SYSTEMS LLC, a Florida limited liability company,

    Plaintiff/Counter-Defendant,

Case No.1:17-cv-24733-KMW-EGT

v.

ZENCHARTS LLC, a Florida limited liability company, SOLUTIONS RECOVERY CENTER, LLC, a Florida limited liability company,

    Defendants/Counter-Plaintiffs, and

ZEN MEDICAL, LLC, an administratively dissolved Florida limited liability company, WEBSITE CONSULTANTS INC., a Florida corporation, RICHARD 'RICK' GLASER, an individual, KEITH HOUILHAN a/k/a KEITH HOOTIE, an individual, SEAN CALLAHAN, an individual, DANIEL J. CALLAHAN, an individual, and YANKO KARKALICHEV, an individual,

    Defendants.                                        /

**MOTION FOR ORDER TO SHOW CAUSE WHY JUDGMENT DEBTORS YANKO KARKALICHEV AND SOLUTIONS RECOVERY CENTER, LLC SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH COURT ORDER**

Plaintiff and judgment creditor KIPU SYSTEMS LLC (the "Plaintiff," "Judgment Creditor," or "KIPU"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 69, Florida Rule of Civil Procedure 1.560(b), and applicable law, files this motion (the "Motion") for entry of an order (1) to show cause why judgment debtors Yanko Karkalichev ("Karkalichev") and Solutions Recovery Center, LLC ("Solutions") should not be held in contempt for failure to comply with the Court's *Order on Plaintiff's Motion to Compel* [Doc. No. 453] (the "Order"), compelling judgment debtors Sean Callahan, Richard Glaser, Karkalichev, and



Solutions (collectively, the "Judgment Debtors") to complete form 1.977 fact information sheets ("Fact Information Sheets") within forty-five (45) days of the Order; and (2) compelling Karkalichev and Solutions to complete, under oath, and serve the Fact Information Sheet, along with all required attachments, forthwith. In support of the Motion, the Plaintiff states as follows:

## RELEVANT BACKGROUND

1. On December 14, 2020, this Court entered the *Final Judgment* [Doc. No. 324] (the "Final Judgment") in favor of KIPU and against: (i) Solutions in the amount of $1,508,000.00 plus post-judgment interest pursuant to 28 U.S.C. § 1961; (ii) ZenCharts LLC in the amount of $1,000,000.00 plus post-judgment interest pursuant to 28 U.S.C. § 1961; (iii) Richard Glaser in the amount of $1,500,000.00 plus post-judgment interest pursuant to 28 U.S.C. § 1961; (iv) Sean Callahan in the amount of $1,500,000.00 plus post-judgment interest pursuant to 28 U.S.C. § 1961; and (v) Karkalichev in the amount of $1,000,000.00 plus post-judgment interest pursuant to 28 U.S.C. § 1961.

2. Execution of the Final Judgment has been stayed solely as to ZenCharts LLC.

3. As of the date of this Motion, the Judgment Debtors have not satisfied any portion of the Final Judgment entered against them.

4. On May 18, 2021, the Plaintiff filed *Plaintiff Kipu Systems LLC's Motion for an Order Requiring all Judgment Debtors to Complete Fact Information Sheet* [Doc. No. 449] pursuant to Federal Rule of Civil Procedure 69 and Florida Rule of Civil Procedure 1.560 (the "Motion").

5. On June 15, 2021, the Court entered the Order granting the Motion and requiring the Judgment Debtors to complete Fact Information Sheets and produce the items requested therein

within forty-five (45) days from the date of the Order. *See* Order p. 6. A copy of the Order is attached hereto as **Exhibit "A"**.

6. The Judgment Debtors were therefore required to complete, under oath, and provide the Plaintiff with completed Fact Information Sheets, and all required attachments, no later than July 30, 2021.

7. Karkalichev and Solutions failed to serve the Fact Information Sheet and its required attachments by the July 30, 2021 deadline.

8. On August 30, 2021, Karkalichev provided Plaintiff's counsel with an incomplete, unnotarized Fact Information Sheet with no attachments.

9. As of the date of this Motion, neither Karkalichev nor Solutions has complied with the Order.

## MEMORANDUM OF LAW

10. Pursuant to Rule 69(a)(1) of the Federal Rules of Civil Procedure, "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise," and "the procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1); *Branch Banking & Trust Co. v. Ramsey*, 559 Fed. App'x. 919, 921 (11th Cir. 2014). Rule 69(a)(2) of the Federal Rules of Civil Procedure further provides that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2) (emphasis added).

11. Florida Rule of Civil Procedure 1.560, governing discovery in aid of execution, provides that "[i]n aid of a judgment, decree, or execution the judgment creditor or the successor

in interest, when the interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules." Fla. R. Civ. P. 1.560(a) (emphasis added).  Subsection (b) of this Rule further provides that:

> In addition to any other discovery available to a judgment creditor under this rule, the court, at the request of the judgment creditor, shall order the judgment debtor or debtors to complete form 1.977 [fact information sheet], including all required attachments, within 45 days of the order or such other reasonable time as determined by the court. **Failure to obey the order may be considered contempt of court**.

Fla. R. Civ. P. 1.560(b) (emphasis added).

12.     Judgment Debtors Karkalichev and Solutions have completely disregarded the Court's Order by failing to serve on Judgment Creditors' counsel completed Fact Information Sheets and all required attachments by the July 30, 2021 deadline or the date of this Motion.  As a result of this conduct, the Judgment Creditor has been prejudiced in its ability to conduct discovery in aid of execution of the Final Judgment.  Accordingly, the Court should enter an order to show cause why Karkalichev and Solutions should not be held in contempt for their deliberate refusal to obey this Court's Order, and compelling their immediate compliance with same.  *See* Fla. R. Civ. P. 1.560(b) ("Failure to obey the order [requiring completion of form 1.977] may be considered contempt of court."); *H.K. Dev., LLC v. Greer*, 32 So. 3d 178, 183 (Fla. 1st DCA 2010) (approving lower court's order holding judgment debtors in contempt for failure to complete a form 1.977 fact information sheets as required by the court's prior order).

**WHEREFORE**, Judgment Creditor KIPU SYSTEMS LLC respectfully requests that the Court enter an order (i) granting this Motion; (ii) to show cause why Judgment Debtors Yanko Karkalichev and Solutions Recovery Center, LLC should not be held in contempt for failing to comply with the June 15, 2021 Order; (iii) holding Judgment Debtors Yanko Karkalichev and

55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com

Solutions Recovery Center, LLC in contempt for failing to comply with the Order; (iv) compelling Judgment Debtors Yanko Karkalichev and Solutions Recovery Center, LLC to immediately complete, under oath, and serve Fact Information Sheets, along with all required attachments, on Judgment Creditors' counsel; and (v) granting such additional relief as the Court deems just and proper.

### CERTIFICATE OF CONFERRAL UNDER LOCAL RULE 7.1

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a), I have made a good faith attempt to confer with Judgment Debtors Yanko Karkalichev and Solutions Recovery Center, LLC by emailing their prior counsel of record on August 17, 2021, August 18, 2021, August 25, 2021, and August 26, 2021 in an attempt to obtain completed Fact Information Sheets without Court action, but have been unable to do so.

Respectfully submitted,

**AGENTIS PLLC**
*Counsel for KIPU SYSTEMS LLC*
55 Alhambra Plaza, Suite 800
Coral Gables, Florida 33134
T. 305.722.2002
www.agentislaw.com

By:   */s/ Robert P. Charbonneau*
        Robert P. Charbonneau
        Florida Bar No: 968234
        rpc@agentislaw.com

5

**55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 30, 2021, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which provided notice of filing and served the foregoing to all counsel of record, and served the foregoing via U.S. Mail on the parties indicated below.

**AGENTIS PLLC**
*Counsel for KIPU SYSTEMS LLC*
55 Alhambra Plaza, Suite 800
Coral Gables, Florida 33134
T. 305.722.2002
www.agentislaw.com

By: */s/ Robert P. Charbonneau*
Robert P. Charbonneau
Florida Bar No: 968234
rpc@agentislaw.com

**U.S. Mail**
Solutions Recovery Center, LLC
6115 Lyons Road
Coconut Creek, FL 33073

Yanko Karkalichev
Ul. Leonardo Da Vinci 49
4000 Kamenitsa 1
Plovdiv, Bulgaria

Yanko Karkalichev
7777 Glades Road, Suite 100
Boca Raton, Florida 33434

Yanko Karkalichev
39 Petko d Petkov Street
Plovdiv, Bulgaria  4000

55 Alhambra Plaza · Suite 800 · Coral Gables, Florida 33134 · T. 305.722.2002 · www.agentislaw.com